Albert MORRIS, Appellant,

v.

AMERICAN HOME MORTGAGE
SERVICING, INC., Appellee.

No. 01–09–00768–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

April 28, 2011.

Rehearing Overruled Jan. 13, 2012.

Albert Morris, Sugar Land, TX, for Appellant.

Jack O'Boyle, Jack O'Boyle & Associates, Dallas, TX, William D. Kee III, Sugar Land, TX, for Appellee.

Panel consists of Justices KEYES, SHARP, and MASSENGALE.

## OPINION

MICHAEL MASSENGALE, Justice.

Appellee American Home Mortgage Servicing, Incorporated brought a forcible detainer action in justice court against appellant Albert Morris, seeking possession of real property. The justice court issued a judgment in favor of AHMS. On de novo review the county court at law signed a judgment awarding possession of the property to AHMS. In two issues on appeal, Morris challenges the judgment, arguing that the justice court and county court lacked subject matter jurisdiction and that he was deprived of his right to a fair hearing. We affirm.

### Background

Albert and Tilda Morris bought a home in Sugar Land, Texas. They signed a deed of trust, securing the note on the property, which named Option One Mortgage Corporation as the lender and James

L. Robertson as the trustee. Section 22 of the deed provides that the lender and trustee shall have, in the event of default, the power to sell the property through "the most expeditious means of foreclosure available by law." It further states that:

> If the Property is sold pursuant to [the Lender and Trustee's power under Section 22], Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at the sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding.

The note and lien were transferred and assigned to Wells Fargo Bank, N.A. After Morris defaulted, Wells Fargo, through its servicing agent, AHMS, foreclosed on the property and was the winning bidder at the foreclosure sale. The property was conveyed to Wells Fargo through a substitute trustee's deed, which identified AHMS as Wells Fargo's servicing agent. Thereafter, AHMS filed a forcible detainer action in the justice court to obtain possession of the property. The justice court awarded possession to AHMS. Morris appealed to the county court, arguing that the justice court lacked subject matter jurisdiction over the suit because of a pending suit to try title in federal court. He argued before the county court, as he does on appeal, that the right to immediate possession in this case necessarily requires the resolution of the title dispute.

The county court proceeded to trial and entered judgment in favor of AHMS, awarding possession of the property and ordering Morris to vacate. Morris appeals the county court's judgment to this court. In two issues, he argues that the justice court and county court lacked jurisdiction and that he was deprived of his right to a fair hearing.

## Analysis

### I. Jurisdiction

In his first issue on appeal, Morris argues that both the justice court and the county court lacked jurisdiction to decide AHMS's right to possession because the determination of possession in this case requires resolution of a title dispute. Subject matter jurisdiction may be challenged at any time. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445 (Tex.1993). The question of subject matter jurisdiction is a legal question that we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex.2004). We must examine the pleadings, taking as true the facts pleaded, and determine whether those facts support jurisdiction in the trial court. *See Tex. Ass'n of Bus.*, 852 S.W.2d at 446. We construe the pleadings in favor of the pleader. *See id.*

The only issue in a forcible detainer action is the right to immediate possession of real property. Tex.R. Civ. P. 746; *Villalon v. Bank One*, 176 S.W.3d 66, 70 (Tex.App.-Houston [1st Dist.] 2004, no pet.). To prevail, the plaintiff is not required to prove title, but is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession. *See, e.g., Aspenwood Apartment Corp. v. Coinmach, Inc.*, 349 S.W.3d 621, 635 (Tex.App.-Houston [1st Dist.] 2011, no pet. h.). The existence of a landlord-tenant relationship provides a basis for the court to determine the right to immediate possession without resolving the question of title. *See Villalon*, 176 S.W.3d at 71. When, however, the right to possession depends upon the resolution of a question of title, neither the justice court nor the county court has jurisdiction.

*Mitchell v. Armstrong Capital Corp.,* 911 S.W.2d 169, 171 (Tex.App.-Houston [1st Dist.] 1995, writ denied).

■■ An action for forcible detainer is cumulative of all other remedies a party may have in the courts of this State, including a suit to try title. *McGlothlin v. Kliebert,* 672 S.W.2d 231, 233 (Tex.1984) (citing *Scott v. Hewitt,* 127 Tex. 31, 90 S.W.2d 816, 818–19 (1936)); *Hong Kong Dev., Inc. v. Nguyen,* 229 S.W.3d 415, 437 (Tex.App.-Houston [1st Dist.] 2007, no pet.). A forcible detainer action in justice court may be prosecuted concurrently with a title dispute in district court. *Hong Kong Dev.,* 229 S.W.3d at 437. Therefore, a suit to try title filed in another court does not necessarily deprive the court in which a forcible detainer action was brought of jurisdiction. *See id.; Villalon,* 176 S.W.3d at 70–71.

In this case, Morris claims that the county court was deprived of jurisdiction because the issue of possession could not be decided without resolution of a title dispute. He argues that AHMS did not hold title to the property, that it did not have standing to initiate the forcible detainer action, and that there was not a landlord-tenant relationship between him and AHMS. AHMS denies the existence of a title dispute that would strip the justice court and county court of jurisdiction in this case. AHMS contends that it was entitled to bring the suit as the authorized servicing agent for Wells Fargo and that it proved all the required elements of a forcible detainer action.

■ Because the plaintiff in a forcible detainer action is only required to demonstrate a superior right to immediate possession, the county court can determine possession without quieting title if the deed establishes a landlord-tenant relationship between the borrower and the purchaser of the property at the foreclosure

sale. *See Villalon,* 176 S.W.3d at 71; *Rice v. Pinney,* 51 S.W.3d 705, 712–13 (Tex. App.-Dallas 2001, no pet.). At the hearing, AHMS introduced the substitute trustee's deed, showing that Wells Fargo was the successor in interest to Option One Mortgage Corporation, and that it, through its servicing agent, AHMS had purchased the property at the foreclosure sale. Evidence presented in the county court also established that the original deed of trust contained language establishing a landlord-tenant relationship between the borrower and the purchaser. AHMS also introduced the notice to vacate, which named it as the successor in interest, as a servicing agent, to Option One Mortgage Corporation. Because the evidence in the county court showed that AHMS was the service agent for Wells Fargo, and there was a landlord tenant-relationship between Morris and Wells Fargo, the county court could determine possession without quieting title. Accordingly, we hold that the justice and county courts were not deprived of subject-matter jurisdiction, and we overrule Morris's first issue.

## II.   Right to a fair hearing

■ In his second issue, Morris contends that he was deprived of his right to a fair hearing in violation of the Fourteenth Amendment to the United States Constitution. In his "statement of the case" Morris contends that he was deprived of his property without due process of law and that he was not allowed to offer any testimony or evidence in his own defense.

■ Recognizing this court's obligation to construe the rules of appellate procedure "reasonably, yet liberally," Morris's argument is entirely unsupported by appropriate citation to authorities and to the record. *Republic Underwriters, Ins. Co. v. Mex–Tex, Inc.,* 150 S.W.3d 423, 427

(Tex.2004) (quoting *Verburgt v. Dorner*, 959 S.W.2d 615, 616 (Tex.1997)); *see* TEX. R.APP. P. 38.1(i) (requiring clear and concise argument for contentions made with appropriate citation to record). We note that pro se litigants are held to the same standards as attorneys and must comply with all applicable and mandatory rules of pleading and procedure. *De Mino v. Sheridan*, 176 S.W.3d 359, 369 n. 17 (Tex. App.-Houston [1st Dist.] 2004, no pet.). To apply a different set of rules to pro se litigants would be to give them an unfair advantage over litigants represented by counsel. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex.1978). We hold that Morris has inadequately briefed this issue and, thus, waived it. *See* TEX. R.APP. P. 38.1(i).

▮▮▮▮ Even if this issue were adequately briefed, we observe that the reporter's record demonstrates that Morris received notice and that a hearing was held. Due process requires, at minimum, that before being deprived of a constitutionally protected interest, a person must be afforded reasonable notice and a hearing. *See Univ. Tex. Med. Sch. v. Than*, 901 S.W.2d 926, 930 (Tex.1995) (citing *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S.Ct. 893, 902, 47 L.Ed.2d 18 (1976)). The court questioned Morris about a pending bankruptcy proceeding and provided him with an opportunity to state his case. Morris raised an argument that the foreclosure sale was illegal, but he did not offer evidence or call witnesses to contest AHMS's right to possession. Because allegations regarding the propriety of a foreclosure cannot be considered in a forcible detainer action, the county court properly refused to consider Morris's arguments. *Murphy v. Countrywide Home Loans, Inc.*, 199 S.W.3d 441, 446 (Tex.App.-Houston [1st Dist.] 2006, pet. denied). The record demonstrates that Morris was pro-

vided with notice and a hearing where he had an adequate opportunity to controvert AHMS's evidence of its right to possession, and he failed to do so. Accordingly, we hold that the court did not err. Morris's second issue is overruled.

### Conclusion

We affirm the judgment of the trial court.