02-11-312-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00312-CV

 

 


 
 
 James Allen McGuire
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Fannie Mae a/k/a Federal National Mortgage
 Association
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

 

FROM County
Court at Law No. 1 OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

          James
Allen McGuire, pro se, appeals the county court’s award of possession of 902
Rusk Drive, Euless, Texas to Fannie Mae a/k/a Federal National Mortgage
Association.  We will affirm the county court’s judgment.

Background
Facts

          In
1995, McGuire purchased the Rusk Drive residence and executed a deed of trust
encumbering the property in favor of First Preference Mortgage.  When McGuire
failed to make his mortgage payments, First Preference’s successor-in-interest
Wells Fargo sold the property to Fannie Mae at a nonjudicial foreclosure sale. 
Fannie Mae then filed a petition for forcible detainer in the justice of the
peace court.  A trial was held and the court rendered judgment in favor of Fannie
Mae.

McGuire
appealed to the county court, which tried the case de novo.  See Tex. R.
Civ. P. 749, 751.  At trial, Fannie Mae submitted the deed of trust, the
substitute trustee’s deed showing that Fannie Mae acquired the property at a
foreclosure sale on April 5, 2011, and the notice to McGuire to vacate. 
McGuire objected to the substitute trustee’s deed on the grounds that Fannie
Mae had not perfected its chain of title and that he was concurrently contesting
legal title in a separate action in our court.  The county court admitted the
substitute trustee’s deed over McGuire’s objection.  The county court then rendered
judgment in favor of Fannie Mae.  McGuire now appeals to this court.

Forcible
Detainer

In a
forcible detainer action, the only issue the trial court determines is whether
the party seeking to obtain possession is entitled to actual and immediate
possession, and the merits of whether a party has title shall not be
determined.  See Tex. R. Civ. P. 746; Black v. Wash. Mut. Bank,
318 S.W.3d 414, 416 (Tex. App.—Houston [1st Dist.] 2010, pet. dism’d w.o.j.); Williams
v. Bank of N.Y. Mellon, 315 S.W.3d 925, 927 (Tex. App.—Dallas 2010, no
pet.).  Thus, questions over whether a sale of property encumbered by a deed of
trust is invalid “must be brought in a separate suit.”  Williams, 315
S.W.3d at 927; Rice v. Pinney, 51 S.W.3d 705, 710 (Tex. App.—Dallas
2001, no pet.).  “To prevail in a forcible detainer action, a plaintiff is not
required to prove title, but is only required to show sufficient evidence of
ownership to demonstrate a superior right to immediate possession.”  Rice,
51 S.W.3d at 709.  A court may determine which party has a superior right to
possession without determining title when a landlord-tenant relationship exists
between the parties.  Id. at 712.  The existence of the landlord-tenant
relationship provides a basis for determining the right to possession without
resolving the issue of who owns the property.  See Salaymeh v. Plaza Centro,
LLC, 264 S.W.3d 431, 436 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (stating
that in a forcible detainer action, a landlord-tenant relationship presents “an
independent basis on which the trial court [can] determine the right to
immediate possession without resolving underlying title issues”); Brown v.
Kula-Amos, Inc., No. 02-04-00032-CV, 2005 WL 675563, at *3 (Tex. App.—Fort
Worth 2005, no pet.) (mem. op.) (noting that a forcible detainer action based
on contract for deed depends upon landlord-tenant relationship and that
contract for deed may provide for party to become tenant at sufferance upon
default).

Discussion

          On
appeal, McGuire argues that the county court was without jurisdiction to hear
the case for two reasons.  First, McGuire claims that Fannie Mae does not have
standing because the substitute trustee’s deed is “ineligible and unlawful.”  He
argues that the deed of trust “clearly shows that [he] was the equitable owner
of title,” and because he did not convey title to Fannie Mae, Fannie Mae’s
substitute trustee’s deed “should be considered a ‘wild deed’ without force.”

The
deed of trust that Fannie Mae submitted at trial shows that McGuire granted First
Preference a lien on the property to secure payment of a note and includes a
provision that if McGuire defaulted on the note and the property was sold at a
foreclosure sale, McGuire would become a tenant at sufferance.  This kind of
provision in a deed of trust is generally sufficient to establish a
landlord-tenant relationship between the mortgagor and the purchaser of the
property at a foreclosure sale.  See Scott v. Hewitt, 127 Tex. 31, 90
S.W.2d 816, 818 (1936).  As stated above, such a relationship provides a basis
for determining the right to possession without resolving the issue of who owns
the property.  See Salaymeh, 264 S.W.3d at 436.

Fannie
Mae submitted a substitute trustee’s deed showing that it purchased the
property from First Preference’s successor-in-interest Wells Fargo at a
foreclosure sale on April 5, 2011.  Fannie Mae’s status as grantee under the
substitute trustee’s deed is sufficient to confer standing on Fannie Mae to
assert a forcible detainer action regarding the property.  See Morris v. Am.
Home Mortg. Servicing, Inc., No. 01-09-00768-CV, 2011 WL 1631762, at *2
(Tex. App.—Houston [1st Dist.] Apr. 28, 2011, no pet.) (overruling appellant’s standing
argument when appellee demonstrated a landlord-tenant relationship through
substitute trustee’s deed).  The landlord-tenant relationship between Fannie
Mae and McGuire, established by the substitute trustee’s deed, provided the
basis for the trial court’s finding of Fannie Mae’s superior right to
possession.  See id.; Shutter v. Wells Fargo Bank, 318 S.W.3d
467, 471 (Tex. App.—Dallas 2010, pet. dism’d w.o.j.) (op. on reh’g) (holding
that the bank demonstrated its right to possession of property because
tenant-at-sufferance relationship existed).

Second,
McGuire argues that he was contesting legal title in a separate action and
until title was resolved, the trial court could not award possession.  The
existence of a title dispute will not deprive a justice court of jurisdiction
in a forcible detainer action unless the right to possession cannot be
determined without resolving the title issue.  Rice, 51 S.W.3d at 713.  Thus,
McGuire was required to demonstrate that the title dispute prevented the county
court from determining right to possession, depriving it of jurisdiction over
the action.  See Mortg. Elec. Registration Sys. v. Young, No.
02-08-00088-CV, 2009 WL 1564994, at *5 (Tex. App.—Fort Worth June 4, 2009, no
pet.) (mem. op.) (holding that the county court did not have jurisdiction over a
forcible detainer action when defendant properly disputed title by submitting
deeds showing that plaintiff had conveyed ownership of the property to another
party after acquiring it at the foreclosure sale).

McGuire
argues that documents attached to his reply brief on appeal demonstrate that Wells
Fargo had previously assigned the deed of trust to another party and thus,
could not have later assigned it to Fannie Mae.  McGuire’s argument challenges
the validity of title.  Fannie Mae was not required to demonstrate valid title
in order to demonstrate superior right of possession.  Rice, 51 S.W.3d
at 709.  As stated above, Fannie Mae established superior right of possession
through its submission of the deed of trust, the substitute trustee’s deed, and
the notice to McGuire to vacate.  Further, the other action McGuire references
was a challenge to the assignment of the lien from First Preference to Wells
Fargo.  See In re A Purported Lien or Claim Against James McGuire, No.
02-11-00140-CV, 2012 WL 254066, at *1 (Tex. App.—Fort Worth Jan. 26, 2012, no
pet. h.) (mem. op.).[2]  McGuire’s attempt to
dispute title is unlike the defendant’s attempt in Young because in Young,
the defendant presented evidence of a conveyance after the plaintiff had
purchased the property, thereby demonstrating that the plaintiff no longer had
an interest in the property.  See Young, 2009 WL 1564994,
at *3–5.  McGuire challenges a conveyance that occurred before Fannie Mae
purchased the property.  McGuire does not dispute that Fannie Mae purchased the
property or that Fannie Mae has retained its alleged interest in the property;
he disputes, in essence, only whether the seller had the authority to sell the
property to Fannie Mae in the first place.  To the extent that McGuire
complains of defects in the foreclosure process, he may pursue that complaint in
district court, but it may not be considered in this action.  See Shutter,
318 S.W.3d at 471; Williams, 315 S.W.3d at 927 (citing Scott, 127
Tex. at 35, 90 S.W.2d at 818–19).

We
hold that the county court was able to determine Fannie Mae’s right to immediate
possession of the property at trial, and it did not err in granting possession
of the property to Fannie Mae.  We overrule McGuire’s issues.

Conclusion

          Having
overruled all of McGuire’s issues, we affirm the county court’s judgment.  Because
we affirm the county court’s judgment, we deny Fannie Mae’s motion to strike appellant’s
response brief as moot.

 

 

 

LEE GABRIEL
JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; GARDNER and GABRIEL, JJ.

 

DELIVERED:  March 22, 2012









[1]See Tex. R. App. P. 47.4.





[2]McGuire challenged the
validity of the assignment under government code section 51.903.  See
Tex. Gov. Code Ann. § 51.903 (West. Supp. 2011).  We held that section 51.903
does not apply to assignments and, thus, McGuire could not rely on it to
challenge the assignment.  McGuire, 2012 WL 254066, at *1.