**Opinion issued March 8, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00051-CV

———————————

**PATRICIA POWERS, Appellant**

**V.**

**MICHAELS HOUSE, QUIRCUS WILLIAM "BILL" GRIFFIN AND CAROL PERRY ROSENBAUM, Appellees**

---

**On Appeal from the County Court at Law No. 2**
**Montgomery County, Texas**
**Trial Court Case No. 14-28442**

---

## MEMORANDUM OPINION

Appellant, Patricia Powers, appeals from an order dismissing her claims for want of prosecution.[1]  We affirm.

---

[1] The Texas Supreme Court transferred this appeal from the Court of Appeals for the Ninth District of Texas to this Court pursuant to its docket equalization powers. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013) ("The supreme court may order cases

## Background

Powers filed suit in small claims court for damages based on claims of illegal eviction, threats, and defamation. The justice court entered a take-nothing judgment and Powers appealed to the Montgomery County Court at Law. The county court's Docket Control Order set the case for trial on December 8, 2014, and provided for a call-in announcement docket on the Tuesday prior to trial, which was December 2, 2014. This call-in announcement docket required the parties to contact the court coordinator by telephone to make trial announcements by noon. In its order of dismissal, the court noted that Powers, after being notified of the call-in docket, failed to call in her trial announcements. Thus, the court ordered Powers' pleadings stricken and dismissed her case for want of prosecution. Powers appeals.

## Analysis

The first page of Powers' 15-page brief is a copy of her notice of appeal, which states that she "denies knowledge of a hearing in the COUNTY COURT NO. 2, the Appellant denies contact with this lovely court." We construe this as a complaint that Powers was not given notice that she was required to appear

transferred from one court of appeals to another at any time that, in the opinion of the supreme court, there is good cause for the transfer."). We are unaware of any conflict between precedent from the Court of Appeals of the Ninth District and that of this Court on the relevant issues. *See* TEX. R. APP. P. 41.3.

2

telephonically on December 2, 2014. But, other than this bare assertion, Powers presents no argument, authorities, or citations to the record supporting this "issue."

Rule 38.1(i) requires appellate briefs to contain "clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). Although we must interpret this requirement liberally, *see Republic Underwriters Ins. Co. v. Mex-Tex, Inc.*, 150 S.W.3d 423, 427 (Tex. 2004), a brief that does not contain any citations to authorities or to the record for a given issue waives that issue. *Abdelnour v. Mid Nat'l Holdings, Inc.*, 190 S.W.3d 237, 241 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *Trammell v. Frost Nat'l Bank*, No. 01–05–00216–CV, 2006 WL 3513596, at *1–2 (Tex. App.—Houston [1st Dist.] Dec. 7, 2006, no pet.).

Furthermore, *pro se* litigants are held to the same standard as attorneys and must comply with all rules of pleading and procedure. *See Morris v. Am. Home Mortg. Servicing, Inc.*, 360 S.W.3d 32, 36 (Tex. App.—Houston [1st Dist.] 2011, no pet.). Applying a different set of rules to pro se litigants would give them an unfair advantage over those litigants who are represented by counsel. *See id.*

Although we liberally construe Powers' brief, we cannot make her arguments for her. *See Lee v. Lemons*, Nos. 01–15–00208–CV & 01–15–00701–CV, 2016 WL 398605, at *2 (Tex. App.—Houston [1st Dist.] Feb. 2, 2016, no pet. h.) (citing *Jordan v. Jefferson Cty.*, 153 S.W.3d 670, 676 (Tex. App.—Amarillo

2004, pet. denied)).  Because Powers has not presented argument, authority, or citations to the record that support her contention, her issue regarding notice is waived.  *See Franz v. Katy Indep. Sch. Dist.*, 35 S.W.3d 749, 755 (Tex. App.—Houston [1st Dist.] 2000, no pet.); *Blagoev v. Hinderman*, No. 01–02–01336–CV, 2005 WL 1415331, at *2 (Tex. App.—Houston [1st Dist.] June 16, 2005, no pet).

The remainder of Powers' brief includes a document addressed to this Court in which Powers complains of several purported errors in the justice court.  These complaints relate to the justice court proceeding and judgment, and not to the county court judgment that is the subject of this appeal.  Powers challenges the justice court's actions and attaches exhibits, including a rental agreement, a bank transaction statement, copies of checks, and transcriptions of text messages Powers claims she received from one of the appellees.

We have no jurisdiction to consider issues challenging the justice court judgment.  *See* TEX. GOV'T CODE ANN. § 22.220(a) (West Supp. 2015) (court of appeals has appellate jurisdiction of all civil cases within its district of which the district court or county courts have jurisdiction).  Thus, we overrule these issues.

We affirm the trial court's judgment.


**PER CURIAM**


Panel consists of Justices Jennings, Massengale, and Huddle.

4