

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-16-00018-CV

VIRGINIA ALLEN, APPELLANT

V.

COMERICA BANK, APPELLEE

On Appeal from the County Court at Law No. 4
Williamson County, Texas[1]
Trial Court No. 15-1476-CC4, Honorable John McMaster, Presiding

August 11, 2016

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, Virginia Allen, appeals the county court's judgment finding Allen guilty of forcible detainer and awarding immediate possession of the property to appellee, Comerica Bank.  We will affirm the judgment.

---

[1] Pursuant to the Texas Supreme Court's docket equalization efforts, this case was transferred to this Court from the Third Court of Appeals.  *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013).

Factual and Procedural Background

In February of 2006, Charles and Theresa Carroll executed and delivered a Homestead Lien Contract and Deed of Trust to Comerica, which encumbered real property located at 108 Morningside Circle, in Hutto, Texas. In December of 2012, Comerica received an Order granting its Application for Foreclosure of Home Equity Lien, which authorized Comerica to proceed with a non-judicial foreclosure of the property. The Order did not, however, transfer title to the property to Comerica.

On March 13, 2015, Comerica served and recorded its Notice of Substitute Trustee's Sale. The foreclosure sale of the property was held on April 7, 2015, with Comerica submitting the winning bid. As a result, Comerica recorded a Substitute Trustee's Deed conveying title to the property in the real property records of Williamson County on April 13, 2015. Allen, who was residing on the property,[2] received notice to vacate on August 2, 2015.

When Allen did not vacate the property, Comerica filed a forcible detainer action in justice court on September 14, 2015. Allen did not file a response to Comerica's suit. On September 29, the justice court entered judgment that Comerica take nothing by its claims. Comerica timely appealed this judgment to the county court at law for a de novo review. Again, Allen did not file a response. On December 1, 2015, the county court issued its judgment finding Allen guilty of forcible detainer and awarding possession of

---

[2] Allen claims that she was a tenant of the Carrolls. However, Allen offered no evidence to establish her tenancy, such as a written lease.

the property to Comerica.[3]  Subsequently, Allen filed her notice of appeal and posted a supersedeas bond.

By her appeal, Allen presents two issues.  By her first issue, Allen contends that the evidence is insufficient to prove each of the elements for a forcible detainer.  By her second issue, Allen contends that the trial court reversibly erred in denying evidentiary objections she raised.

## Sufficiency of the Evidence[4]

Under the legal sufficiency standard, we review the record evidence and credit that evidence which supports the judgment if a reasonable fact finder could while disregarding contrary evidence unless a reasonable fact finder could not.  *See City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005).  If the evidence falls within the zone of reasonable disagreement, we may not invade the fact finder's role.  *See id.* at 822.  Unless there is no favorable evidence to support the judgment or if contrary evidence renders supporting evidence incompetent or conclusively establishes the opposite of the finding, we must affirm.  *See id.* at 810-11.

In reviewing the factual sufficiency of the evidence, we consider all the evidence and will set aside the finding only if the evidence supporting the finding is so weak or so

---

[3] The judgment also awarded Comerica $235 as costs of court and $1,500 for attorney's fees. Allen does not directly challenge these awards.

[4] Allen's brief is unclear as to whether her challenge to the sufficiency of the evidence presents a claim of legal or factual insufficiency.  Because we conclude that the evidence is sufficient under both standards, we will briefly address the applicable standards under each.

against the overwhelming weight of the evidence that the finding is clearly wrong and unjust. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001).

The only issue in a forcible detainer action is the right to immediate possession of real property. *Morris v. Am. Home Mortg. Servicing, Inc.*, 360 S.W.3d 32, 34 (Tex. App.—Houston [1st Dist.] 2011, no pet.). A forcible detainer action is intended to be a speedy, simple, and inexpensive means to obtain possession without resort to an action on the title. *Williams v. Bank of N.Y. Mellon*, 315 S.W.3d 925, 926-27 (Tex. App.—Dallas 2010, no pet.). To prevail, the plaintiff is not required to prove title but, rather, need only show sufficient evidence of ownership to demonstrate a superior right to immediate possession. *Morris*, 360 S.W.3d at 34. A plaintiff in a forcible detainer action meets its evidentiary burden by presenting a substitute trustee's deed, a deed of trust, and notice to residents of the property to vacate. *See Murray v. US Bank Nat'l Ass'n*, 411 S.W.3d 926, 929 (Tex. App.—El Paso 2013, no pet.); *Shutter v. Wells Fargo Bank, N.A.*, 318 S.W.3d 467, 471 (Tex. App.—Dallas 2010, pet. dism'd w.o.j.); *Williams*, 315 S.W.3d at 927.

In the present case, Comerica had its substitute trustee's deed, deed of trust, and thirty-day notice to vacate admitted into evidence. Allen offered no contrary evidence. As such, the evidence was both legally and factually sufficient to support the trial court's forcible detainer judgment. We overrule Allen's sufficiency issue.

Protecting Tenants at Foreclosure Act

Allen also contends that Comerica did not meet its burden by establishing that it complied with the Protecting Tenants at Foreclosure Act of 2009. In particular, Allen

4

contends that, under the Act, Comerica was required to give Allen at least ninety days' notice to vacate because she was a tenant that is entitled to the additional protections afforded by the Act. However, under the Act, a tenancy is only bona fide, and therefore subject to the Act's requirements, when the lease or tenancy pre-existed the foreclosure, was the result of an arms-length transaction, and required payment of rent. *Mosely v. Am. Homes 4 Rent Props. Eight, LLC*, No. 02-15-00200-CV, 2015 Tex. App. LEXIS 12590, at *12 (Tex. App.—Fort Worth Dec. 10, 2015, pet. denied) (mem. op.). Here, Allen, like the appellant in *Mosely*, offered no evidence that she was a bona fide tenant or possessed the property through a bona fide lease that pre-existed the foreclosure and sale of the property. *See id.* As such, Allen cannot show that the Act applies or that the trial court's judgment is erroneous based on Comerica's failure to comply with the Act. *See id.*

Evidentiary Rulings

By her second issue, Allen contends that the trial court's denial of her objection to Comerica's business records affidavit, which justified the admission of the notice to vacate letter, prejudiced her substantial rights. Allen's contention is that the business records affidavit of Comerica could not provide a basis for admitting a notice prepared by SettlePou, Comerica's legal counsel.

We review the trial court's rulings concerning the admission or exclusion of evidence for an abuse of discretion. *See In re J.P.B.*, 180 S.W.3d 570, 575 (Tex. 2005). An abuse of discretion occurs only when the court's decision is made without reference to any guiding rules and principles or is arbitrary or unreasonable. *Downer v.*

5

*Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). If there is any legitimate basis for the trial court's ruling, we must uphold it. *See Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998). We will not reverse a judgment based on a claimed error in admitting or excluding evidence unless the complaining party shows that the error probably resulted in an improper judgment. TEX. R. APP. P. 44.1; *Malone*, 972 S.W.2d at 43; *City of Brownsville v. Alvarado*, 897 S.W.2d 750, 753 (Tex. 1995).

The business records exception to the hearsay rule has four requirements: (1) the records were made and kept in the course of a regularly conducted business activity, (2) it was the regular practice of the business activity to make the records, (3) the records were made at or near the time of the event that they memorialize, and (4) the records were made by a person with knowledge who was acting in the regular course of business. *In re E.A.K.*, 192 S.W.3d 133, 141 (Tex. App.—Houston [14th Dist.] 2006, pet. denied). An affidavit of the custodian of records or a "qualified witness" may be presented at trial with the business records to establish that the records satisfy these requirements and to render them self-authenticated. TEX. R. EVID. 803(6), 902(10). To be a "qualified witness," the affiant must have personal knowledge of the business's recordkeeping practices or of the facts contained within the business records. See TEX. R. EVID. 602, 803(6), 902(10); *In re E.A.K.*, 192 S.W.3d at 142; *Houston Shell & Concrete Co. v. Kingsley Constructors, Inc.*, 987 S.W.2d 184, 186 (Tex. App.—Houston [14th Dist.] 1999, no pet.).

In the present case, Comerica offered the affidavit of Lloyd S. Hartford, Jr., a Comerica Vice President, to authenticate the notice to vacate the property. Through his

affidavit, Hartford testified that (1) he is a custodian of Comerica's records, (2) the 23 pages of records attached to his affidavit are original records or exact duplicates of original records that were made at or near the time of the event documented, (3) it is Comerica's regular practice to make and keep records such as those attached to the affidavit, (4) the attached records were made by, or from information transmitted by, persons with knowledge of the matters set forth, and (5) the attached records were made and kept in the course of regularly conducted business. As such, we conclude that Hartford, as a custodian of records with knowledge of the business's recordkeeping practices or of the facts contained within the business records, is a qualified witness. Further, Hartford's business records affidavit contains each of the requirements necessary to authenticate the documents and except their exclusion under the hearsay rule.

Other than pointing out that Hartford does not work for SettlePou, Allen does not demonstrate that the affidavit lacks trustworthiness. *See* TEX. R. EVID. 803(6)(E). But, Hartford need not work for SettlePou to provide a proper business records affidavit if he has personal knowledge of the business's recordkeeping practices or the facts contained within the business records. *See Singha v. Fannie Mae*, No. 05-13-01518-CV, 2015 Tex. App. LEXIS 3179, at *4 (Tex. App.—Dallas Mar. 31, 2015, no pet.) (mem. op.); *Rodriguez v. Citimortgage, Inc.*, No. 03-10-00093-CV, 2011 Tex. App. LEXIS 171, at *16 (Tex. App.—Austin Jan. 6, 2011, no pet.) (mem. op.); *Fleming v. Fannie Mae*, No. 02-09-00445-CV, 2010 Tex. App. LEXIS 9393, at *7 (Tex. App.—Fort Worth Nov. 24, 2010, no pet.) (mem. op.); *Houston Shell & Concrete Co.*, 987 S.W.2d at 186. We conclude that Hartford's affidavit is sufficient to establish that he has

7

personal knowledge of Comerica's recordkeeping practices and, consequently, the trial court did not abuse its discretion in admitting the notice to vacate over Allen's objection.

We overrule Allen's challenge to the trial court's evidentiary rulings.

Conclusion

Having overruled each of Allen's issues, we affirm the judgment of the trial court.

Mackey K. Hancock
Justice