**Opinion issued October 30, 2018**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-16-00726-CV

———————————

### ONAS JAMAL, Appellant

### V.

### WOODBRIDGE CROSSING, Appellee

---

**On Appeal from the Harris County Civil Court at Law No. 1**
**Harris County, Texas**
**Trial Court Case No. 1081258**

---

## MEMORANDUM OPINION

Onas Jamal appeals the county court at law's judgment evicting him from an apartment and granting possession to appellee Woodbridge Crossing. Reading Jamal's briefing liberally, he contends that he was not given a fair trial, requests an award of $3 million based on an allegation that Woodbridge Crossing threw his

property in a dumpster, complains that the trial court did not address his motion to appoint counsel, objects that Woodbridge Crossing took possession of the apartment, and asserts that his act of appealing the judgment should have stopped his eviction. We affirm.

## Background

Appellant Onas Jamal was a resident of an apartment owned by appellee Woodbridge Crossing, under the terms of a Texas Apartment Association Apartment Lease Contract. After Jamal allegedly failed to pay rent, Woodbridge Crossing posted a notice to vacate on the inside of the apartment door. It then initiated this eviction suit in justice court. The justice court entered a judgment in Woodbridge Crossing's favor, and Jamal appealed for a trial de novo in the county court at law.

At trial, Woodbridge Crossing offered evidence to establish the lease agreement, Jamal's failure to pay rent, the notice to vacate, the total arrearage, and attorneys' fees and costs. Jamal represented himself, and he questioned the witnesses and presented his case. After Jamal questioned each witness, the judge asked him whether he had any more questions for the witness, and he answered that he did not.

The county court at law entered judgment in Woodbridge Crossing's favor, awarding it possession of the apartment on and after September 19, 2016; evicting

2

Jamal; and ordering him to pay the arrearage, attorneys' fees, and costs. This appeal followed.

Initially, the reporter's record was not timely filed in this court because Jamal had not made arrangements for payment with the court reporter. But Jamal had filed a statement of inability to pay costs in the trial court, *see* TEX. PROP. CODE § 24.0052(a), and neither the clerk nor any party contested the statement. *See* TEX. R. CIV. P. 502.3(d). The trial court also never ordered him to pay costs. *See* TEX. R. CIV. P. 145(f). Therefore we permitted the reporter's record to be filed late, at no cost to Jamal, and we permitted him to proceed as an indigent. *See* TEX. R. CIV. P. 145; TEX. R. APP. P. 20.1(a).

## Analysis

Self-represented litigants must comply with all rules of pleading and procedure, just as attorneys must. *Morris v. Am. Home Mortg. Servicing, Inc.*, 360 S.W.3d 32, 36 (Tex. App.—Houston [1st Dist.] 2011, no pet.). To apply a different set of rules to *pro se* litigants would give them an unfair advantage over litigants represented by counsel. *Id.*

Reading Jamal's briefing liberally, he first asserts that he was not given a fair trial. Appellate briefs must contain "clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). Although we must interpret this requirement liberally, *Republic*

*Underwriters Insurance Co. v. Mex-Tex, Inc.*, 150 S.W.3d 423, 427 (Tex. 2004), a brief that does not contain any citations to authorities or to the record for a given issue forfeits that issue. *Abdelnour v. Mid Nat'l Holdings, Inc.*, 190 S.W.3d 237, 241 (Tex. App.—Houston [1st Dist.] 2006, no pet.). Jamal did not provide any authorities or reference any portions of the record to support his complaint about the fairness of the trial. We therefore hold that he inadequately briefed this issue and, thus, forfeited it. *See* Tex. R. App. P. 38.1(i); *Powers v. House*, No. 01-15-00051-CV, 2016 WL 888046, at *1–2 (Tex. App.—Houston [1st Dist.] Mar. 8, 2016, no pet.) (mem. op.) (per curiam).

Jamal also requests an award of over $3 million based on an allegation that Woodbridge Crossing threw his property in a dumpster. A party may not be granted relief in the absence of pleadings to support such relief. *See* Tex. R. Civ. P. 301; *King v. Lyons*, 457 S.W.3d 122, 126 (Tex. App.—Houston [1st Dist.] 2014, no pet.). The record contains no pleadings filed by Jamal. The appellate record reflects that the only documents he filed in the trial court were a document in which he appeared to ask for a continuance, a motion detailing his complaints about the trial that served as his notice of appeal, and a motion to appoint counsel that is referenced on the docket sheet but that is not contained in the record. Liberally construing these filings, none of them requested damages for property thrown in a dumpster. We overrule this issue.

Next, Jamal complains that the trial court did not address his motion to appoint counsel to represent him. As a prerequisite to presenting a complaint for appellate review, the record must show that the complaining party made the complaint to the trial court by a timely request, objection, or motion. TEX. R. APP. P. 33.1(a). The trial court must either rule on the request, objection, or motion, expressly or implicitly, or refuse to rule, and the complaining party must object to the refusal. *Id.* The record contains no evidence that Jamal received a ruling on his motion to appoint counsel or that he objected to the court's refusal to rule. He therefore has not preserved this issue for our review. *See id.*; *Morrill v. Cisek*, 226 S.W.3d 545, 551 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Jamal complains that Woodbridge Crossing took possession of the apartment and moved his property out of it. He presents no citations to authorities or to the record to explain why the trial court erred and Woodbridge Crossing did not have the right to take possession of the apartment and remove his belongings from it after the entry of final judgment. He therefore has forfeited this argument. *See* TEX. R. APP. P. 38.1(i).

Finally, Jamal asserts that his act of appealing should have stopped his eviction. Ordinarily, in an eviction suit, a "judgment of a county court may not under any circumstances be stayed pending appeal unless, within 10 days of the signing of the judgment, the appellant files a supersedeas bond in an amount set by

5

the county court." TEX. PROP. CODE § 24.007. There is no indication in the record of a supersedeas bond to support a stay of the judgment pending appeal, and Jamal does not identify any supersedeas bond in his briefing.

Liberally construing Jamal's briefing, we are unable to discern any further issues. To the extent any were intended, they lack any citations to authorities or to the record, so they are forfeited. *See* TEX. R. APP. P. 38.1(i).

**Conclusion**

We affirm the judgment.


PER CURIAM

Panel consists of Justices Jennings, Higley, and Massengale.