**Opinion issued August 13, 2019**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-17-00677-CV

————————————

**MONICA HARDAWAY AND GLENN HARDAWAY, Appellants**

**V.**

**DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE, IN TRUST FOR REGISTERED HOLDERS OF LONG BEACH MORTGAGE LOAN TRUST 2006-WL 1, ASSET BACKED CERTIFICATES, SERIES 2006-WL1, Appellee**

---

**On Appeal from the County Court at Law No. 4**
**Fort Bend County, Texas**
**Trial Court Case No. 17-CCV-059731**

---

## MEMORANDUM OPINION

Appellants, Monica Hardaway and Glenn Hardaway (collectively "the Hardaways"), have filed a notice of appeal of the trial court's final judgment in a forcible detainer proceeding. Appellee, Deutsche Bank National Trust Company as

Trustee, In Trust for Registered Holders of Long Beach Mortgage Loan Trust 2006-WL1, Asset-Backed Certificates, Series 2006-WL1 ("Deutsche Bank"), has filed a motion to dismiss the appeal as moot contending that there is no longer an actual controversy between the parties.

We dismiss the appeal.

In the underlying proceedings, Deutsche Bank filed a forcible detainer petition in the justice court, which ruled in the Hardaways' favor. Deutsche Bank then appealed to the county court at law.[1] In that court, Deutsche Bank moved for summary judgment asserting that it was entitled to a judgment of possession because the Hardaways were tenants at sufferance who did not vacate the property after they were given proper notice. Deutsch Bank specifically asserted that (1) it was "the foreclosure sale purchaser of the subject property as evidenced by a substitute trustee's deed," (2) the "foreclosure sale was held pursuant to a Deed of Trust, creating a landlord tenant relationship upon foreclosure," (3) Deutsche Bank served a written demand on the Hardaways to vacate the property and (4) they "failed to vacate." Deutsche Bank's summary-judgment evidence included the substitute trustee's deed showing Deutsche Bank as the "Grantee/Buyer," and the deed of trust,

---

[1]  *See* TEX. R. CIV. P. 510.9. Deutsche Bank's perfection of an appeal from the justice court to the county court at law vacated and annulled the justice court judgment. *See Villalon v. Bank One*, 176 S.W.3d 66, 69–70 (Tex. App.—Houston [1st Dist.] 2004, pet. denied).

which provided that a mortgagor who did not surrender possession of the property to the purchaser at a foreclosure sale was a tenant at sufferance. The Hardaways responded asserting that "no tenant-landlord relationship ever existed" because Deutsch Bank "did not possess the Note or Deed, and had no ownership in [their] property," had "committed fraud," and "the sale and purchase of [their] property was fraudulent."

After a summary-judgment hearing, the trial court signed a final summary judgment order awarding Deutsch Bank possession of the property. And, the trial court set a "sequestration bond" in the amount of $39,500.00.[2] The Hardaways filed a notice of appeal of the final judgment but did not post a bond. Subsequently, a writ of possession was issued and executed with possession of the property "turned over" to Deutsch Bank.[3]

Deutsch Bank has moved to dismiss the appeal as moot arguing that an actual controversy no longer exists between the parties because it has taken possession of

---

[2] "A judgment of a county court may not under any circumstances be stayed pending appeal unless, within 10 days of the signing of the judgment, the appellant files a supersedeas bond in an amount set by the county court." TEX. PROP. CODE ANN. § 24.007. If a supersedeas bond is not filed, "the judgment may be enforced, including issuance of a writ of possession evicting the [appellant] from the property." *Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 786 (Tex. 2006). A party's indigence does not relieve the party of the obligation to file a supersedeas bond. *Morse v. Fed. Nat'l Mortg. Ass'n*, No. 05-18-00999-CV, 2018 WL 4784585, at *1 (Tex. App.—Dallas Oct. 4, 2018, no pet.) (mem. op.); *Johnson v. Freo Tex. LLC*, No. 01-15-00398-CV, 2016 WL 2745265, at *2 (Tex. App.—Houston [1st Dist.] May 10, 2016, no pet.) (mem. op.).

[3] *See* TEX. PROP. CODE ANN. § 24.0061.

the property and the Hardaways do not assert a potentially meritorious claim of right to current, actual possession of the property. In response, the Hardaways contend that an actual controversy remains because the underlying "deed conveyance" and foreclosure were fraudulent and "[c]onsequently [they] were never and are not tenants at sufferance" and issuance of a writ of possession was unlawful. The Hardaways do not assert in their response that they have current, actual possession of the property.

The only issue in a forcible detainer proceeding is the right to actual possession of the property. *See Marshall v. Hous. Auth of the City of San Antonio*, 198 S.W.3d 782, 785–86 (Tex. 2006); *Morris v. Am. Home Mortg. Servicing, Inc.*, 360 S.W.3d 32, 34 (Tex. App.—Houston [1st Dist.] 2011, no pet.). To prevail, "the plaintiff is not required to prove title, but is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession." *Morris*, 360 S.W.3d at 34; *see, e.g.*, *Myers v. PennyMac Corp.*, No. 01-18-00167-CV, 2018 WL 5259963, at *2 (Tex. App.—Houston [1st Dist.] Oct. 23, 2018, no pet.). Any challenges to title or an underlying foreclosure process must be pursued in a separate suit. *See Schlichting v. Lehman Bros. Bank FSB*, 346 S.W.3d 196, 199 (Tex. App.—Dallas 2011, pet. dism'd); *see Jelinis, LLC v. Hiran*, 557 S.W.3d 159, 167 (Tex. App.—Houston [14th Dist.] 2018, pet. denied) (explaining issues concerning both title and possession may be litigated in separate proceedings in different courts with

appropriate jurisdiction); *Morris*, 360 S.W.3d at 35 ("[T]he county court can determine possession without quieting title if the deed establishes a landlord-tenant relationship between the borrower and the purchaser of the property at the foreclosure sale.").

If an appellant is no longer in possession of the property, an appeal becomes moot unless the appellant has and asserts "a potentially meritorious claim of right to current, actual possession" of the property at issue. *Marshall*, 198 S.W.3d at 787; *see Guillen v. U.S. Bank, N.A.*, 494 S.W.3d 861, 865–66 (Tex. App.—Houston [14th Dist.] 2016, no pet.). In this case, the record shows that a writ of possession was executed and the property was "turned over" to Deutsche Bank. Because their claims that the underlying conveyance and foreclosure were fraudulent are not properly resolved in a forcible detainer proceeding, the Hardaways have not shown a potentially meritorious claim of right to current, actual possession. *See Roberts v. CitiMortgage, Inc.*, No. 06-18-00024-CV, 2018 WL 5831333, at *2–3 (Tex. App.—Texarkana Nov. 8, 2018, no pet.) (mem. op.); *Brigandi v. Am. Mortg. Inv. Partners Fund I Trust*, No. 02-16-00444-CV, 2017 WL 1428726, at *4 (Tex. App.—Fort Worth Apr. 20, 2017, pet. dism'd) (mem. op.); *Resendez v. FV REO I, LLC*, No. 03-13-00201-CV, 2014 WL 411720, at *1 (Tex. App.—Austin Jan. 31, 2014, no pet.) (mem. op.). As a result, there no longer is a live controversy concerning possession.

Accordingly, we grant Deutsche Bank's motion to dismiss and dismiss the appeal.

*See* TEX. R. APP. P. 43.2(f).  We dismiss any other pending motions as moot.

**PER CURIAM**

Panel consists of Justices Lloyd, Landau, and Countiss.