Opinion issued January 29, 2026



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-24-00239-CV

_____

**RONALD L. CRAWFORD, JR., Appellant**

**V.**

**YASSER AFTAB SHARIF, Appellee**

---

**On Appeal from County Court at Law No. 6**
**Fort Bend County, Texas**
**Trial Court Case No. 23-CCV-073221**

---

## MEMORANDUM OPINION

In this forcible-detainer action, Yasser Aftab Sharif sued Ronald L. Crawford, Jr., to evict him from real property that Sharif purchased at a foreclosure sale. The trial court rendered judgment awarding Sharif possession of the property, plus damages and attorney's fees.

On appeal, Crawford, acting pro se, contends that the trial court lacked subject-matter jurisdiction to decide the forcible-detainer action and challenges the judgment by complaining of defects in the foreclosure process.

We affirm.

## Background[1]

On June 22, 2023, Sharif filed suit in justice court against Crawford and all occupants "who reside[d] as tenant[s]" at certain real property (the Property). Sharif alleged that he purchased the Property at a foreclosure sale on June 6, 2023, and attached a copy of the receipt from the sale to his petition. He asserted that he was "the rightful owner of the [P]roperty" and that Crawford was "occupying the [P]roperty without [his] permission." Sharif alleged that he gave Crawford written notice to vacate the Property and attached a copy of the notice. Despite notice to vacate, Crawford failed to do so. Sharif asked the justice court to award him possession of the Property and "reasonable rent."

Crawford responded to the suit. He asserted that he was the Property's "original owner" and that his lender had foreclosed after he fell behind on his mortgage payments. He characterized the foreclosure sale as "fraudulent" and

---

[1] Because Crawford did not file a reporter's record, our background discussion is based on the clerk's record. *See Cisneros v. Cisneros*, No. 14-14-00616-CV, 2015 WL 1143125, at *1 (Tex. App.—Houston [14th Dist.] Mar. 12, 2015, no pet.) (mem. op.) (noting that, in absence of reporter's record, background facts were "based on the clerk's record alone").

2

"bogus" and asserted that the case should be dismissed because he "maintain[ed] his rightful ownership" of the Property.

The justice court rendered judgment in Sharif's favor, awarding him possession of the Property and damages. Crawford appealed to the county court at law (the trial court). Following a trial de novo, the trial court rendered judgment in Sharif's favor, ordering Crawford to surrender possession of the Property and awarding Sharif damages and attorney's fees. No findings of fact and conclusions of law were requested or filed.

Crawford appealed to this Court. The clerk's record was filed, but Crawford did not arrange to pay for the reporter's record from the trial proceedings. After we notified him of his responsibility to pay for the reporter's record—and of the consequences for failing to do so—Crawford still did not pay for the record. We notified the parties that we would consider and decide those issues that do not require a reporter's record. *See* TEX. R. APP. P. 37.3(c).

Crawford filed his brief, raising four issues.

## Subject-Matter Jurisdiction

In his first issue, Crawford contends that the trial court lacked subject-matter jurisdiction over Sharif's forcible-detainer action.

## A. Standard of review

Subject-matter jurisdiction is essential to the authority of a court to decide a case. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000). Although he did not challenge subject-matter jurisdiction in the trial court, Crawford may raise the issue for the first time on appeal. *See State v. Morello*, 547 S.W.3d 881, 888–89 (Tex. 2018). When a challenge to subject-matter jurisdiction is first raised on appeal, "appellate courts must construe the pleadings in favor of the party asserting jurisdiction, and, if necessary, review the record for evidence supporting jurisdiction." *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 96 (Tex. 2012). Whether a trial court has subject-matter jurisdiction is a question of law that we review de novo. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

## B. Applicable law

Jurisdiction of forcible-detainer actions is expressly given to the justice court of the precinct where the property is located and, on appeal, to county courts for a trial de novo. *See* TEX. GOV'T CODE § 27.031(a)(2); TEX. PROP. CODE § 24.004(a); TEX. R. CIV. P. 510.9, 510.10(c).[2] In a forcible-detainer appeal, the county court's

---

[2] In 2025, the Supreme Court of Texas amended Rule of Civil Procedure 510, governing eviction cases. The amendments apply to eviction suits filed on or after January 1, 2026. *See Amended Order Giving Preliminary Approval of Amendments to Rule 143a and Part V of the Texas Rules of Civil Procedure*, Misc. Docket No. 25–9105 (Tex. Dec. 31, 2025, eff. Jan. 1, 2026). Because this suit was filed before that date, we cite to the former versions of Rules 510.9 and 510.10.

jurisdiction "is confined to the jurisdictional limits of the justice court, and the county court has no jurisdiction over an appeal unless the justice court had jurisdiction." *Rice v. Pinney*, 51 S.W.3d 705, 708 (Tex. App.—Dallas 2001, no pet.).

A forcible-detainer action determines which party has the right to immediate possession of real property. *Villalon v. Bank One*, 176 S.W.3d 66, 70 (Tex. App.—Houston [1st Dist.] 2004, pet. denied). To prevail, a plaintiff is not required to prove title but is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession. *Id.* "The existence of a landlord-tenant relationship provides a basis for the court to determine the right to immediate possession without resolving the question of title." *Morris v. Am. Home Mortg. Servicing, Inc.*, 360 S.W.3d 32, 34 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *see, e.g.*, *Williams v. VRM-Vendor Res. Mgmt.*, No. 01-14-00272-CV, 2015 WL 3915636, at *2 (Tex. App.—Houston [1st Dist.] June 25, 2015, no pet.) (mem. op.) ("Under well-settled law, a deed of trust that establishes a landlord-tenant relationship between the borrower and the purchaser of the property at the foreclosure sale demonstrates such a superior right to possession.").

In contrast, a justice court lacks jurisdiction to adjudicate title. *See* Tex. Gov't Code § 27.031(b)(4). But the mere existence of a title dispute does not deprive a justice court of jurisdiction to determine immediate right of possession.

5

*See Riley v. Deanda*, 706 S.W.3d 578, 582 (Tex. App.—Houston [1st Dist.] 2024, no pet.).

A justice court lacks jurisdiction to determine a right of possession when resolution of that right depends on the resolution of a title dispute. *Morris*, 360 S.W.3d at 34–35. In other words, a justice court retains jurisdiction unless the title dispute is "so integrally linked to the issue of possession that possession may not be determined without first determining title." *Tellez v. Rodriguez*, 612 S.W.3d 707, 709–10 (Tex. App.—Houston [14th Dist.] 2020, no pet.). "If the right to immediate possession can be adjudicated on a basis other than title, then the justice court (and on appeal, the county court) retains jurisdiction over the forcible-detainer action." *Id.* at 710; *see Riley*, 706 S.W.3d at 582 ("[W]hen the right to immediate possession can be decided on a basis independent of any title dispute, such as when there is a landlord-tenant relationship between the parties, the title dispute does not deprive the justice court or county court of jurisdiction over the forcible detainer suit.").

Because forcible-detainer actions are cumulative of any other remedy a party may have, the displaced party is entitled to bring a separate suit in district court to determine questions of title. *Villalon*, 176 S.W.3d at 70. "[N]ot only can the right to immediate possession be determined separately from the right to title in most cases, but the Texas Legislature purposely established just such a system." *Rice*, 51 S.W.3d at 710.

6

## C. Analysis

Crawford argues that the trial court lacked subject-matter jurisdiction because the determination of immediate possession of the Property required a resolution of a title dispute. Crawford asserts that Sharif's "claim of possession derived from a void foreclosure, creating a fundamental title dispute." Crawford cites several purported defects in the foreclosure process.

In his eviction petition, Sharif alleged that he purchased the Property at a foreclosure sale. He identified Crawford as a person residing as a "tenant" at the Property and referred to himself once in the pleading as "the Landlord." Sharif alleged that he told Crawford to vacate and attached the notice, showing that he gave Crawford three days to vacate the Property. *See* TEX. PROP. CODE § 24.005 (providing that landlord must give tenant at least three days' notice to vacate).

Construing the petition in Sharif's favor, as required, the facts pled support jurisdiction because they show the existence of a landlord-tenant relationship between Sharif and Crawford. *See Henderson v. Altura Realty LLC*, No. 05-21-00860-CV, 2023 WL 3860428, at *3 (Tex. App.—Dallas June 7, 2023, no pet.) (mem. op.) (concluding petition's allegations that plaintiff purchased property at foreclosure sale, plaintiff sent defendant written notice to vacate, and defendant was holdover tenant were sufficient to support subject-matter jurisdiction in justice and county courts). This relationship conferred on the justice court (and the county

7

court) the jurisdiction to determine the right to immediate possession of the Property. *See Morris*, 360 S.W.3d at 35 (holding that establishment of landlord-tenant relationship between borrower and purchaser of property at foreclosure sale allowed trial court to determine right to immediate possession without quieting title); *Villalon*, 176 S.W.3d at 71 (same).

As noted, when subject-matter jurisdiction is challenged for the first time on appeal, we "must construe the pleadings in favor of the party asserting jurisdiction, and, if necessary, *review the record for evidence supporting jurisdiction*." *Rusk State Hosp.*, 392 S.W.3d at 96 (emphasis added). We have also recognized that, when "determining whether a lawsuit involves the adjudication of title, we are not limited to the plaintiff's framing of the causes of action in his pleadings but, instead, look to the 'gist' of the case after reviewing the plaintiff's pleadings, the answer, and *the presentation of evidence*." *Black v. Washington Mut. Bank*, 318 S.W.3d 414, 417 (Tex. App.—Houston [1st Dist.] 2010, pet. dism'd w.o.j.) (emphasis added). However, here, we cannot review the evidence presented at trial because Crawford has failed to pay for the reporter's record. *See Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990) ("The burden is on the appellant to see that a sufficient record is presented to show error requiring reversal.").

When there is no reporter's record and no findings of fact were requested or filed, as here, we imply that the trial court made all the necessary findings to support

its judgment, and we presume that it heard sufficient evidence to make all necessary findings. *See Mason v. Harper*, No. 01-11-00384-CV, 2013 WL 1136562, at \*2 (Tex. App.—Houston [1st Dist.] Mar. 19, 2013, no pet.) (mem. op.); *see also In re D.S.*, 602 S.W.3d 504, 511 n.12 (Tex. 2020) (presuming, in absence of reporter's record, that evidence was sufficient to support trial court's jurisdictional findings); *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992) (explaining appellate court will imply that trial court made necessary findings to support judgment when findings of fact not requested). Without a reporter's record, we must presume that the evidence at trial supported an implied finding by the trial court that Sharif had a superior right to immediate possession of the Property without quieting title—such as a finding that Sharif and Crawford had a landlord-tenant relationship. *See Mason*, 2013 WL 1136562, at \*2; *Morris*, 360 S.W.3d at 35; *see also Henderson v. Freedom Mortg. Corp.*, No. 05-19-01258-CV, 2021 WL 1186149, at \*2 (Tex. App.—Dallas Mar. 30, 2021, no pet.) (mem. op.) ("Given [appellant's] failure to file a reporter's record and the absence of pertinent findings, we must presume the evidence presented supports the trial court's implicit finding that the resolution of title was not necessarily required for a determination of the right to immediate possession.").

Finally, we reject Crawford's argument that the trial court lacked jurisdiction to determine immediate possession because defects in the foreclosure process

9

resulted in a title dispute that must be resolved before possession of the Property can be determined. "A title dispute based entirely on the contention that the foreclosure was improper is not intertwined with the right of immediate possession." *Vela v. Shafaii Invs., Ltd.*, No. 01-23-00065-CV, 2024 WL 3056641, at \*3 (Tex. App.—Houston [1st Dist.] June 20, 2024, no pet.) (mem. op.) (citation modified). "[D]efects in the foreclosure process cannot be used either to negate a landlord-tenant relationship . . . or to raise a question of title depriving the justice or county courts of jurisdiction to resolve the question of immediate possession." *Wilder v. Citicorp Tr. Bank, F.S.B.*, No. 03-13-00324-CV, 2014 WL 1207979, at \*2 (Tex. App.—Austin Mar. 18, 2014, pet. dism'd w.o.j.) (mem. op.).

Crawford's attack on the validity of the foreclosure process is independent of the question of possession in the forcible-detainer action. *See Vela*, 2024 WL 3056641, at \*3; *Villalon*, 176 S.W.3d at 71. Any questions about the adequacy of the foreclosure process did not deprive the trial court of jurisdiction. *See Vela*, 2024 WL 3056641, at \*3; *see also Villalon*, 176 S.W.3d at 71 (recognizing appellant could sue in district court to determine whether appellee's deed should be canceled because of wrongful foreclosure).

We overrule Crawford's first issue.[3]

---

[3]    In his reply brief, Crawford argues Sharif did not have standing to bring the forcible detainer action. Standing requires that (1) the plaintiff must be personally injured, and the injury must be concrete and particularized, actual or imminent, and not

10

**Complaints about Foreclosure Process**

In his second, third, and fourth issues, Crawford contends that the trial court's judgment should be reversed based on defects in the foreclosure process. He asserts that (1) the foreclosure on the Property amounted to an unlawful "double recovery" for his mortgage lender, (2) the foreclosure "deprived [him] of property without due process," and (3) the foreclosure was invalid because the deed of trust required that disputes be arbitrated.

The only issue in a forcible-detainer action is the right to immediate possession of real property. *Morris*, 360 S.W.3d at 34. "[D]efects in the foreclosure process or title may not be considered in a forcible detainer action." *Groves v. 2011 Homes, LLC*, No. 01-22-00356-CV, 2024 WL 849800, at *2 (Tex. App.—Houston

---

hypothetical, (2) the plaintiff's injury must be fairly traceable to the defendant's conduct, and (3) the plaintiff's injury must be likely redressable by the requested relief. *In re Abbott*, 601 S.W.3d 802, 808 (Tex. 2020) (orig. proceeding). The allegations in Sharif's petition—that (1) he was the owner and "Landlord" of the Property, (2) Crawford was a tenant occupying the Property without permission, and (3) Crawford refused to leave despite notice—were sufficient to show Sharif had standing. *See Salazar v. HPA Tex. Sub 2016-1 LLC*, No. 01-19-00330-CV, 2020 WL 7702176, at *5 (Tex. App.—Houston [1st Dist.] Dec. 29, 2020, pet. denied) (mem. op.) (holding lessor had standing to bring eviction suit and recognizing plaintiff's "status as a lessor/landlord demonstrate[d] that it ha[d] a justiciable interest in the outcome of th[e] proceeding"); *Williams v. Bayview– Realty Assocs.*, 420 S.W.3d 358, 362 (Tex. App.—Houston [14th Dist.] 2014, no pet.). Further, without a reporter's record and findings of fact, we imply that the trial court made all the necessary findings to support its judgment, and we presume that it heard sufficient evidence to make all necessary findings, including findings supporting standing. *See Mason v. Harper*, No. 01-11-00384-CV, 2013 WL 1136562, at *2 (Tex. App.—Houston [1st Dist.] Mar. 19, 2013, no pet.) (mem. op.).

11

[1st Dist.] Feb. 29, 2024, pet. denied). "Such defects must be pursued, if at all, in a separate suit for wrongful foreclosure or to set aside the substitute trustee's deed." *Williams*, 2015 WL 3915636, at *1; *see Villalon*, 176 S.W.3d at 71.

Because Crawford has not shown error in the trial court's judgment, we overrule Crawford's second, third, and fourth issues.

## Conclusion

We affirm the judgment of the trial court.


Andrew Johnson
Justice

Panel consists of Chief Justice Adams and Justices Gunn and Johnson.