**Vacated and Dismissed and Opinion filed December 17, 2015.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-15-00144-CV

---

### RHONDA PATRICE GOODMAN-DELANEY, Appellant

### V.

### MARILYNN GRANTHAM, Appellee

---

**On Appeal from the County Civil Court at Law No. 4
Harris County, Texas
Trial Court Cause No. 1047984**

---

### O P I N I O N

In this forcible detainer case, appellant Rhonda Patrice Goodman-Delaney challenges the legal sufficiency of the evidence in support of the county court at law's judgment against her for rent and attorney's fees on the basis that she did not have a landlord-tenant relationship with appellee, Marilynn Grantham. We conclude that the justice court and county court at law did not have jurisdiction over the cause due to the parties' lack of a landlord-tenant relationship, vacate the

judgment as void, and dismiss Grantham's forcible detainer action for want of jurisdiction.

## *Background*

The facts are undisputed. Mary Delaney owned a home in Houston, Texas when she married James Delaney. Mary died intestate. In addition to James, she had five living children as heirs, including Grantham. James continued to live on the property following Mary's death and later married Goodman-Delaney. James died in 2014. Grantham served a notice to vacate on Goodman-Delaney and subsequently filed a petition for eviction (forcible detainer) in justice court.[1] The justice court rendered judgment in favor of Goodman-Delaney.

Grantham appealed to the county court at law. Grantham admitted at trial in county court that she and Goodman-Delaney did not have a landlord-tenant relationship, and Goodman-Delaney did not pay rent.[2] The county court at law rendered judgment in favor of Grantham and awarded her $7,700 in rent and $2,318.75 in attorney's fees. The court also made findings of fact, among other things, that any possessory rights of Goodman-Delaney "were extinguished at the time of James['s] death" and Goodman-Delaney "wrongfully possessed the property from March to October of 2014."

## *Discussion*

In two issues, Goodman-Delaney challenges the legal sufficiency of the evidence to support the county court's award of rent and attorney's fees due to the undisputed lack of a landlord-tenant relationship between the parties. Concluding that the justice court and county court at law did not have jurisdiction over this

---

[1] The notice was sent on behalf of "the heirs of Mary Brown Delaney."

[2] Grantham testified that her siblings "turned their rights over to [her]" under a purported warranty deed admitted into evidence.

case, we do not reach Goodman-Delaney's legal sufficiency challenges.

A justice court has subject matter jurisdiction over forcible detainers, but the justice court and the county court at law on appeal lack jurisdiction to resolve title issues.[3] *Maxwell v. U.S. Bank Nat'l Ass'n*, No. 14-12-00209-CV, 2013 WL 3580621, at *2 (Tex. App.—Houston [14th Dist.] July 11, 2013, pet. dism'd w.o.j.) (mem. op.). The forcible detainer process is supposed to be a summary, speedy, and inexpensive proceeding to determine who has the right to immediate possession of property. *Geldard v. Watson*, 214 S.W.3d 202, 206 (Tex. App.— Texarkana 2007, no pet.). Thus, a forcible detainer only addresses who has the right to possess the property, not who has title to it. *Maxwell*, 2013 WL 3580621, at *2; *see* Tex. R. Civ. P. 510.3(e). Neither the justice court nor the county court at law have subject matter jurisdiction to determine who has title to property. *Maxwell*, 2013 WL 3580621, at *2. We may address this issue of subject matter jurisdiction sua sponte. *Geldard*, 214 S.W.3d at 206.

A forcible detainer action is dependent on proof of a landlord-tenant relationship. *Yarbrough v. Household Fin. Corp. III*, 455 S.W.3d 277, 280 (Tex. App.—Houston [14th Dist.] 2015, no pet.); *Dent v. Pines*, 394 S.W.2d 266, 268 (Tex. Civ. App.—Houston 1965, no writ). The sole issue in a forcible detainer suit is who has the right to immediate possession of the premises. *Aguilar v. Weber*, 72 S.W.3d 729, 732 (Tex. App.—Waco 2002, no pet.). Without a landlord-tenant

---

[3] Jurisdiction to hear a forcible detainer action is expressly given to the justice court of the precinct where the property is located and, on appeal, to the county court at law for trial de novo. *Maxwell v. U.S. Bank Nat'l Ass'n*, No. 14-12-00209-CV, 2013 WL 3580621, at *2 (Tex. App.—Houston [14th Dist.] July 11, 2013, pet. dism'd w.o.j.) (mem. op.); *Rice v. Pinney*, 51 S.W.3d 705, 708 (Tex. App.—Dallas 2001, no pet.); *see* Tex. Prop. Code § 24.004; Tex. R. Civ. P. 510.3, 510.10(c). A county court at law exercising appellate jurisdiction over a justice court judgment is limited to the original jurisdiction of the justice court. *Maxwell*, 2013 WL 3580621, at *2; *Geldard v. Watson*, 214 S.W.3d 202, 206 (Tex. App.—Texarkana 2007, no pet.). Moreover, a county court does not have jurisdiction to try questions of title to land. *Doggett v. Nitschke*, 498 S.W.2d 339, 339 (Tex. 1973).

relationship, a justice court cannot determine the issue of immediate possession without first determining who has title to the property. *See, e.g., id*. at 733-35 (noting when there is no evidence of a landlord-tenant relationship, justice court and county court at law "would be required to determine the issue of title to resolve the right to immediate possession" and thus "lacked jurisdiction").

In *Dent*, cited by Goodman-Delaney, Milton Pines moved into an apartment building owned by Julia Radford. 394 S.W.2d at 268. Radford was married to Pines's uncle when Pines moved onto the property. *Id*. After Radford and the uncle died, Pines remained on the property. *Id*. Dent obtained a judgment against Pines in a forcible entry and detainer suit in a county court at law.[4] *Id*. at 267. Pines filed a separate lawsuit and obtained a permanent injunction in district court preventing Dent from evicting him. *Id*. Dent appealed the permanent injunction judgment to this court. *Id*.

Acknowledging that Pines had moved onto the property lawfully and not by force, we noted that there was "no basis for an action of forcible entry and detainer." *Id*. at 268. We further held that an action for forcible detainer requires evidence of a landlord-tenant relationship because the lack of such evidence would necessarily require a determination of who has title to the property.[5] *Id*. We

---

[4]The property had been devised to Radford by her prior husband. *Dent*, 394 S.W.2d at 268. Radford died intestate while her then current husband, Pines's uncle, resided on the property. *Id*. Radford's daughter, Jennette, inherited the property, presumably subject to a life estate held by the uncle. *Id*. Jennette died one month after the uncle, and Dent brought the eviction lawsuit as the independent executor of Jennette's estate. *Id*.

[5] In discussing the two causes of action—forcible entry and detainer and forcible detainer—separately, we implicitly acknowledged that they are distinct causes of action, even though they are often used interchangeably. *Johnson v. Mohammed*, No. 03-10-00763-CV, 2013 WL 1955862, at *3 (Tex. App.—Austin May 10, 2013, pet. dism'd w.o.j.) (mem. op.) (citing Tex. Prop. Code § 24.001 (forcible entry and detainer occurs if person enters real property without legal authority and refuses to leave upon owner's demand) and § 24.002 (forcible detainer occurs when tenant by right or by sufferance holds over after lease term and refuses to leave upon owner's demand)).

concluded that the county court did not have jurisdiction over the title dispute and affirmed the district court's finding that the judgment in the eviction suit was void. *Id*. at 269.

Our sister court reached a similar conclusion in *Aguilar*, 72 S.W.3d at 733-35. In that case, the Webers and the Aguilars entered into a contract for deed and promissory note for the Aguilars to purchase real property. *Id*. at 732. The contract did not specify that a default on the note would create a landlord-tenant relationship or tenancy at sufferance or that in the event of default the Webers could institute a forcible detainer suit to establish possession. *Id*. at 733. Alleging that the Aguilars defaulted on the note, the Webers initiated a forcible detainer suit and obtained a judgment from the justice court in their favor that was affirmed by the county court. *Id*. Because there was no evidence of a landlord-tenant relationship, the court of appeals held that the dispute necessarily involved a dispute over title, which would require a court to determine the owner of the real estate by analyzing the contract for deed. *Id*. at 733-35. Consequently, the justice court and county court at law lacked jurisdiction over the dispute. *Id*. at 734-35. The court of appeals dismissed the appeal for want of jurisdiction and dissolved the writ of possession. *Id*. at 735.

Here, Grantham conceded that she did not have a landlord-tenant relationship with Goodman-Delaney. Goodman-Delaney entered the property legally when she moved in with her husband who undisputedly had legal possession of the property. Grantham alleges she obtained title to the property in part through inheritance and in part by deed from her siblings. Accordingly, the justice court had to determine whether Grantham had title to the property before it could determine whether Grantham had a superior right to possess the property over Goodman-Delaney. *See Geldard*, 214 S.W.3d at 209 (holding justice court did

not have jurisdiction to adjudicate merits of title because it was required to analyze conveyance of property against claim of homestead right). The justice court, and the county court at law on appeal, did not have jurisdiction to make such a determination.[6] *See Maxwell*, 2013 WL 3580621, at \*2; *Geldard*, 214 S.W.3d at 209.

When a court's void judgment is appealed, we have jurisdiction to declare the judgment void and render judgment dismissing the case. *Kilpatrick v. Potoczniak*, No. 14-13-00707-CV, 2014 WL 3778837, at \*2 (Tex. App.—Houston [14th Dist.] July 31, 2014, no pet.) (mem. op.) (per curiam). We vacate the county court's judgment as void and dismiss the forcible detainer action for want of jurisdiction. *See id.* (holding county court's judgment of possession was void because it was rendered during pendency of bankruptcy stay and dismissing forcible detainer action for want of jurisdiction).

/s/    Martha Hill Jamison
Justice

Panel consists of Justices Jamison, Donovan, and Brown.

---

[6] Goodman-Delaney concedes that Grantham has title to the property. However, the parties may not agree to waive the justice court's and county court's subject matter jurisdiction. *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 103 (Tex. 2012) ("Subject matter jurisdiction cannot be waived or conferred by agreement, can be raised at any time, and must be considered by a court sua sponte.").