**Reversed and Rendered in Part, Affirmed in Part, and Majority and Concurring Opinions filed May 31, 2018.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-17-00220-CV

---

### JELINIS, LLC, Appellant

### V.

### S. BRUCE HIRAN AND HUNG N. YI, Appellees

---

**On Appeal from the 151st District Court
Harris County, Texas
Trial Court Cause No. 2017-06257**

---

## C O N C U R R I N G   O P I N I O N

The trial court enjoined the purchaser of real property at a foreclosure sale from taking action in the justice court to evict the former owners and current occupants of the premises, who claimed that fraudulent alterations of the promissory note they signed to purchase the property rendered the loan documents void and unenforceable. The occupants relied on our recent precedent in

*Yarbrough, v. Household Fin. Corp. III*,[1] to argue that the intertwining of issues of title and possession deprived the justice court of jurisdiction to conduct eviction proceedings.

In concluding that the trial court abused its discretion in issuing the temporary injunction, the majority declines to find intertwining issues and declines to apply the *Yarbrough* precedent. Unlike the *Yarbrough* court, the majority does not analyze the effect of the fraud allegations. Nor does the majority consider the legal consequences of fraudulent alterations on the validity and enforceability of the instruments. Instead, the majority reasons that the occupants do not deny signing an instrument containing a tenancy-at-sufferance clause. But, if the occupants are correct that the note and deed of trust are void and unenforceable, and the note and the deed of trust create the tenancy-at-sufferance relationship, then the issues of title and possession still would be intertwined. The occupants challenge the entirety of the loan documents, yet the majority concludes that the occupants have failed to challenge the tenancy-at-sufferance clause. The majority then reasons that the occupants' failure to challenge the tenancy-at-sufferance clause means the issues of title and possession are not intertwined. Both the reasoning and approach are out of step with *Yarbrough*.

The better course would be to conclude that the occupants' allegations do not show intertwining of title and possession issues because the occupants have not alleged or proved that the purchaser at the foreclosure sale would be unable to enforce the terms of the original note and deed of trust, including the tenancy-at-sufferance clause.

---

[1] 455 S.W.3d 277, 283 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

*Factual and procedural background*

Appellee Bruce Hiran signed a Texas Home Equity Note payable to Long Beach Mortgage Company. Hiran and his wife Hung N. Yi secured the debt by giving Long Beach Mortgage Company a deed-of-trust lien on their property at 4132 Lehigh. Long Beach Mortgage Company later transferred the note and deed of trust to Deutsche National Bank, as trustee, in trust for registered holders of Long Beach Mortgage Loan Trust 2006-10. When Hiran defaulted on the note, Deutsche National Bank foreclosed on the deed-of-trust lien and sold the property to appellant Jelinis, LLC at a foreclosure sale. Hiran and Yi, who occupied the property, filed an action in the trial court seeking various forms of relief, including a temporary injunction enjoining Jelinis from obtaining relief in the justice court to evict them from the property. On appeal, Hiran and Yi assert that they were entitled to a temporary injunction because the justice court lacked jurisdiction over the forcible detainer action due to intertwining issues of title and possession.

Though the note and deed of trust would create a tenancy-at-sufferance relationship between Hiran and Yi and the purchaser of the property at a foreclosure sale, Hiran and Yi assert that fraudulent alterations of the note and deed of trust render the instruments void. Thus, according to Hiran and Yi, the justice court lacks jurisdiction because whether the note and deed of trust are void relates to both title and possession. The trial court granted Hiran and Yi's request for a temporary injunction. Jelinis now challenges that ruling on appeal.

*Standards governing relief*

To get a temporary injunction, Hiran and Yi had to prove (1) a claim against Jelinis, (2) a probable right on final trial to the relief sought, and (3) a probable,

imminent, and irreparable injury in the interim.[2]   In granting the temporary injunction, the trial court determined that Hiran and Yi have a probable right to the relief they seek—dismissal of the forcible detainer case from the justice court for lack of jurisdiction.

*Analysis*

Though justice courts have jurisdiction over forcible-detainer actions, they lack subject-matter jurisdiction to resolve title disputes.[3]   The only issue in a forcible-detainer action is who has the right to immediate possession of the premises.[4]   The justice court lacks jurisdiction over a forcible-detainer action if the question of title is so intertwined with the issue of possession that possession cannot be adjudicated without first determining title.[5]   When there is a basis for determining immediate possession independent from title, the justice court has jurisdiction to hear the forcible-detainer action.[6]

To establish a forcible detainer, a plaintiff must prove that a person who refuses to surrender possession of the real property on demand is a tenant or subtenant who falls within one of three statutory categories.[7]   If a trustee's deed purports to convey real property to a person who was the highest bidder at the

---

[2] *See Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002) (op. on reh'g).

[3] *Laguan v. U.S. Bank Trust*, No. 14-14-00577-CV, 2016 WL 750172, at *3 (Tex. App.—Houston [14th Dist.] Feb. 25, 2016, no pet.) (mem. op.).

[4] *See Shields Limited P'ship v. Bradberry*, 526 S.W.3d 471, 478 (Tex. 2017).

[5] *See Reynoso v. Dibs, US, Inc.*, 541 S.W.3d 331, 337 (Tex. App.—Houston [14th Dist.] 2017, no pet.).

[6] *See id*.

[7] *See* Tex. Prop. Code Ann. § 24.002 (West, Westlaw through 2017 1st C.S.) (stating that a person who refuses to surrender possession of real property on demand commits a forcible detainer if the person:  (1) is a tenant or a subtenant wilfully and without force holding over after the termination of the tenant's right of possession; (2) is a tenant at will or by sufferance, including an occupant at the time of foreclosure of a lien superior to the tenant's lease; or (3) is a tenant of a person who acquired possession by forcible entry).

4

foreclosure sale on a deed-of-trust lien and if the person pursues a forcible-detainer action against the former owners of the property, a tenancy-at-sufferance clause[8] in the deed of trust allows the person to prove the tenancy status of the former owners and to prove superior right to possession without proving the validity of the person's title to the real property.[9]

Hiran and Yi do not allege that their signatures were forged. Hiran does not deny that the signature page of the note bears his signature. Hiran and Yi do not deny that the signature page of the deed of trust contains each of their signatures. However, Hiran and Yi assert that Long Beach Mortgage fraudulently switched pages in the note and deed of trust after their execution of the instruments. They allege that Hiran signed a note with a fixed 2% interest rate and to secure the note, Hiran and Yi signed a deed of trust. According to Hiran and Yi, Long Beach Mortgage must have changed the pages so that the fraudulent versions of the note and deed of trust showed a 7.975% adjustable-interest rate. Hiran and Yi assert that this action made the note and deed of trust void.

If the note and deed of trust are void, as Hiran and Yi allege, then Deutsche National Bank would have lacked title to the property and so could not have transferred the title to Jelinis at the foreclosure sale. In addition, if the note and deed of trust are void, then Jelinis cannot rely on the tenancy-at-sufferance clause in the deed of trust to establish a forcible detainer.[10] Thus, if Long Beach Mortgage's alleged fraud in switching out some of the pages in the note and deed of trust would make these instruments void, then that allegation would bear upon

---

[8] A tenancy-at-sufferance clause provides that in the event of a foreclosure sale, the grantor in the deed of trust will become a tenant at sufferance. *See Reynoso*, 541 S.W.3d at 337.

[9] *See id.*

[10] *See* Tex. Prop. Code Ann. § 24.002; *Reynoso*, 541 S.W.3d at 337.

Jelinis's ability to prove a superior right to possession as well as Jelinis's title to the premises.[11]

Embracing the Sixth Court of Appeals's opinion in *Wade v. Household Finance Corp. III*,[12] the majority concludes that Hiran and Yi have not shown the issues of possession and title are intertwined because they neither dispute signing a deed of trust nor dispute that the deed of trust they signed contained a tenancy-at-sufferance clause.[13]  In adopting the *Wade* rationale, the majority effectively enforces a portion of an allegedly fraudulent document, reasoning that Hiran and Yi admit to having signed a similar document.[14]

In *Wade*, the maker of the note/occupant of the premises claimed the note holder falsified parts of the deed of trust, making the deed of trust void.[15]  The maker/occupant in *Wade* asserted that if the deed of trust were void, then the note holder would not have proper title to the property or a superior right to possession, and the intertwined issue of title would deprive the justice court of jurisdiction.[16]  The *Wade* court concluded that when the parties do not dispute that they signed a document creating a landlord-tenant relationship, then the justice court has jurisdiction over the forcible-detainer action.[17]  In *Yarbrough,* this court took a different approach.

The *Yarbrough* court held that when a party asserts facts that, if true, would

---

[11] *See* Tex. Prop. Code Ann. § 24.002; *Reynoso*, 541 S.W.3d at 337.

[12]  No. 06-15-00074-CV, 2016 WL 741872 (Tex. App.—Texarkana Feb. 25, 2016, no pet.) (mem. op.)

[13] *See ante* at 15–16.

[14] *See id.*

[15] *Wade*, 2016 WL 741872, at *5.

[16] *See id.*

[17] *See id*. at *7.

make void the deed of trust containing the tenancy-at-sufferance clause, the issue of title is intertwined with the issue of possession.[18]  In *Yarbrough*, the occupants asserted that the deed of trust was forged, which, if true, would have made the deed of trust and its tenancy-at-sufferance clause void ab initio.[19]  The *Wade* court and the majority seize on language in *Yarbrough* stating that, "when there is no dispute that the parties agreed to a tenancy relationship in the event of foreclosure, the tenancy relationship provides an independent basis for resolving the issue of possession."[20]  But, in *Wade* and in today's case, even though the occupants do not deny signing a deed of trust that contained a tenancy-at-sufferance clause, they challenge the existence of the landlord-tenant relationship by alleging that the contract creating the relationship is void and unenforceable due to fraud.

The majority asserts that neither the occupant in *Wade* nor Hiran and Yi challenged the validity of the tenancy-at-sufferance clause.[21]  But, if the note and deed of trust are void, as Hiran and Yi allege, then the tenancy-at-sufferance clause is also void and there is no basis for Jelinis to establish a forcible detainer.[22] The allegation that the note and deed and trust are void due to the allegedly fraudulent acts of Long Beach Mortgage Company is a challenge to the existence of the tenancy-at-sufferance clause contained in the deed of trust.  The majority does not explain how the issues of possession and title can be separate if both possession and title turn on the validity of the allegedly void instruments.[23]

---

[18] *See Yarbrough, v. Household Fin. Corp.* III, 455 S.W.3d 277, 283 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

[19] *Id.* at 281–82.

[20] *Id.* at 282.  *See ante* at 15–16.

[21] *See ante* at 15–16.

[22] *See Reynoso*, 541 S.W.3d at 337; *Yarbrough*, 455 S.W.3d at 282.

[23] *See ante* at 11–16.

*Material alterations under section Uniform Commercial Code section 3.407*

Texas's version of the Uniform Commercial Code, embodied in Texas Business and Commerce Code, speaks to the effect of alterations on negotiable instruments after execution.[24] Section 3.407, entitled "Alteration," provides:

(a) "Alteration" means:

(1) an unauthorized change in an instrument that purports to modify in any respect the obligation of a party; or

(2) an unauthorized addition of words or numbers or other change to an incomplete instrument relating to the obligation of a party.

(b) Except as provided in Subsection (c), an alteration fraudulently made discharges a party whose obligation is affected by the alteration unless that party assents or is precluded from asserting the alteration. No other alteration discharges a party, and the instrument may be enforced according to its original terms.

(c) A payor bank or drawee paying a fraudulently altered instrument or a person taking it for value, in good faith and without notice of the alteration, may enforce rights with respect to the instrument:

(1) according to its original terms; or

(2) in the case of an incomplete instrument altered by unauthorized completion, according to its terms as completed.[25]

Under section 3.407, a fraudulent alteration of an instrument does not discharge the obligation of a party whose obligation is affected by the alteration vis-à-vis a payor bank or drawee paying a fraudulently altered instrument or a person taking it for value, in good faith and without notice of the alteration.[26]

Hiran and Yi allege that Long Beach Mortgage Company altered the note

---

[24] *See* Tex. Bus. & Comm. Code Ann. § 3.407 (West, Westlaw through 2017 1st C.S.).

[25] Tex. Bus. & Comm. Code Ann. § 3.407.

[26] *See id.*

and deed of trust after they signed these loan documents. Under the principles set forth in section 3.407, if the allegations are true, Long Beach Mortgage Company's alteration of the note and deed of trust would discharge Hiran's and Yi's obligations under the note and deed of trust unless Hiran and Yi are precluded from asserting the alteration or the party seeking to enforce its rights with respect to the note and deed of trust is a payor bank or drawee paying a fraudulently altered instrument or a person taking it for value, in good faith, and without notice of the alteration.[27] Under section 3.407(c), one taking the altered instrument for value, in good faith, and without notice of the alteration may enforce rights with respect to the instrument according to its original terms.[28] So, if Deutsche National Bank took the allegedly altered instruments for value, in good faith, and without notice of the alleged alterations, then Deutsche National Bank would be entitled to enforce the instruments according to their original terms.[29] Both sides agree that the original terms included a tenancy-at-sufferance clause.

To allege a title issue based on the alterations of the instruments, Hiran and Yi needed to raise allegations that would show the law barred Deutsche National Bank from foreclosing on the deed-of-trust lien because of the alleged alterations of the instruments. But, Hiran and Yi made no such allegations. They did not allege that Deutsche National Bank did not take the note for value, in good faith, and without notice of the alleged alterations, nor did they put on any proof that Deutsche National Bank did not take the note for value, in good faith, and without notice of the alleged alterations. Absent such proof, Deutsche National Bank would be entitled to enforce the note and deed of trust according to the

---

[27] *See id.*

[28] *See* Bus. & Comm. Code Ann. § 3.407(c).

[29] *See id.*

instruments' original terms.[30]  Because Hiran and Yi agreed the original terms of the instruments included a tenancy-at-sufferance clause, to deprive the justice court of jurisdiction, they needed to have alleged that the alterations prevented Deutsche National Bank from enforcing the tenancy-at-sufferance clause.

The *Yarborough* court analyzed the intertwining-of-title-and-possession issue by evaluating the legal consequences of the alleged act that rendered the loan documents void (in that case, forgery). The *Yarborough* court reasoned that the forgery allegation, if true, would render the deed of trust, including the tenancy-at sufferance clause void, so the court found the requisite entanglement of the title and possession issues.[31]  In analyzing today's case, the majority abandons *Yarborough's* analytical framework. The majority does not address whether the legal remedy for one harmed by the fraudulent switching of pages in the note and deed of trust would be to declare the instruments void.[32]  Neither the majority nor the occupants cite to any case so holding.  If the law would enforce the parties' true agreement rather than declare the instruments void, then despite the switching-pages allegations, the issues of title and possession would not be intertwined.

The court should follow *Yarbrough's* approach rather than looking to *Wade*. Though I concur in the court's judgment, I respectfully decline to join in the majority's reasoning.


/s/     Kem Thompson Frost
Chief Justice

Panel consists of Chief Justice Frost and Justices Boyce and Jewell.  (Boyce, J., majority).

---

[30] *See id*.

[31] *See Yarbrough*, 455 S.W.3d at 283.

[32] *See ante* at 11–16.