**Motion Denied as Moot, Vacated and Dismissed in Part, Reversed and Rendered in Part, and Memorandum Opinion filed May 23, 2023.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-22-00358-CV

---

### EDMUND B. HEIMLICH, Appellant

### V.

### DAVID COOK, DEPENDENT ADMINISTRATOR OF THE ESTATE OF ERNEST L. HEIMLICH, DECEASED, Appellee

---

**On Appeal from the County Civil Court at Law No. 2**
**Harris County, Texas**
**Trial Court Cause No. 1183433**

---

## M E M O R A N D U M   O P I N I O N

In this appeal from a forcible detainer action, appellant Edmund B. Heimlich challenges the trial court's summary judgment awarding possession of the disputed property and attorney's fees to appellee David Cook, Dependent Administrator of the Estate of Ernest L. Heimlich, Deceased. First, we overrule Edmund's argument that the justice court lacked jurisdiction to hear this case. Further, because Edmund

has been evicted and has not asserted a claim of right to the current, actual possession of the property, the forcible detainer portion of the appeal is moot, and we lack jurisdiction to consider Edmund's issues to the extent they challenge the right to possession. Finally, we conclude that Cook failed to establish his entitlement to attorney's fees because the written notice to vacate did not comply with Property Code section 24.006(a), so we sustain Edmund's first issue.[1]

Accordingly, we reverse the portion of the trial court's judgment awarding Cook attorney's fees and render judgment that Cook take nothing on his request for attorney's fees. We vacate the remainder of the trial court's judgment and dismiss that portion of the appeal for lack of jurisdiction.[2]

## Background

Ernest Heimlich died intestate on May 25, 2021. At the time of his death, he owned and resided in residential property located on Rancho Blanco Court in Houston (the "Property"). Cook is the dependent administrator of Ernest's estate. The order appointing Cook as dependent administrator granted Cook the "power to secure and s[ell] real estate." Edmund Heimlich is Ernest's son and one of five purported heirs. Edmund moved into the Property after Ernest's death but before Cook qualified as the estate's administrator.

After Cook qualified as dependent administrator, he asked Edmund several times to vacate the property, but Edmund refused. Cook filed a verified petition for eviction in justice court on February 17, 2022. In the petition, Cook alleged:

- Edmund and his four siblings are believed to be Ernest's heirs;

---

[1] Because of our resolution of Edmund's issues, his Rule 12 Motion to Show Authority is denied as moot.

[2] *See Marshall v. Hous. Auth. of the City of San Antonio*, 198 S.W.3d 782, 790 (Tex. 2006).

2

- Cook qualified and was appointed as the dependent administrator of Ernest's estate;

- After Ernest died and before Cook qualified as administrator, Edmund moved into the Property;

- Edmund was not a holdover tenant because he never leased the property;

- Edmund had no right to reside at the Property;

- The Property is part of Ernest's estate;

- Cook repeatedly asked Edmund to vacate the Property;

- Edmund indicated he was unwilling to vacate the Property unless he was evicted; and

- On January 20, 2022, Cook mailed to Edmund by both registered mail and certified mail, return receipt requested, a three-day written notice to vacate the Property.

In the petition, Cook sought possession of the premises and attorney's fees. He attached a copy of the notice to vacate, which provided:

> PLEASE TAKE NOTICE that you hold possession of the herein described Premises. You have no legal right to occupy the Premises.
>
> PLEASE TAKE FURTHER NOTICE that within THREE (3) days after service of this notice, you are hereby required to vacate the subject Premises, move out, and deliver up possession of the same to David Cook, as the Dependent Administrator of the Estate of Ernest L. Heimlich, Deceased ("Administrator"). Failure to vacate the premises WITHIN THREE (3) days as required by this notice will cause Administrator to institute a forcible detainer lawsuit against you to recover damages and possession of said Premises, plus attorney's fees and costs of suit, as may be permitted under the laws of the State of Texas. The exact date and time by which you are required to vacate is by or before 5:00 p.m. on January 31, 2022.

3

THIS LETTER IS INTENDED AS A THREE (3) DAY LEGAL NOTICE FOR THE PURPOSE OF TERMINATING YOUR OCCUPATION. THIS TERMINATION OF OCCUPANCY IS IN ACCORDANCE WITH TEXAS STATE PROPERTY CODE SECTION 24.005.

ADMINISTRATOR RESERVES ALL THE RIGHTS AND REMEDIES PROVIDED UNDER APPLICABLE LAWS OF THE STATE OF TEXAS, INCLUDING BUT NOT LIMITED TO OFFSET, APPLICATION FOR CONSTRUCTIVE TRUST, DAMAGES TO THE PROPERTY, AND/OR ATTORNEY'S FEES AND EXPENSES. NOTHING IN THIS NOTICE MAY BE CONSTRUED AS A WAIVER OF SUCH RIGHTS AND REMEDIES.

Edmund, representing himself, filed an answer combined with a "Motion to Dismiss for Plaintiff's Lack of Standing and Capacity to Sue." Edmund contended that Cook, as a fiduciary of the estate, was barred from incurring the expense of the eviction proceedings by his duty to act in the estate's—and beneficiaries'—best interests. Edmund further asserted that Cook, as the estate's dependent administrator, lacked legal capacity to bring an eviction action without explicit permission from the Probate Court.

After a bench trial, the justice court signed a judgment of possession in Cook's favor and awarded him $6,500 in attorney's fees. Edmund appealed to County Court at Law No. 2.

In the statutory county court, Cook filed a traditional motion for summary judgment. Cook summarized the above-described facts and attached evidence, including Ernest's deed to the Property, the order appointing Cook dependent administrator of Ernest's estate, a November 12, 2021 probate court order authorizing the sale of the Property, copies of emails in which Cook asked Edmund to vacate the Property, the notice to vacate, Cook's affidavit supporting the summary

4

judgment motion, documentation of Cook's attorney's fees, and Cook's affidavit supporting his attorney's fees.

Edmund filed an "Answer to Eviction," in which he again challenged Cook's standing, sought to set aside the judgment "for fraud or collusion on the administrator's part," and requested a jury trial. Edmund attached his affidavit in which he averred that he had a "verbal lease" with Cook:

> <u>VERBAL LEASE</u>: Shortly after his appointment as Dependent-Administrator of my Father's Estate David S. Cook agreed to allow me to continue to reside at 6410 Rancho Blanco Court in exchange for my maintenance of the property and for my protection of both the real property and the personal property of the Estate that remained in the house. David S. Cook and I have a verbal lease whereby I exchange my services in lieu of rent.

Edmund filed a response to Cook's summary judgment motion. He contended that Cook had no authority to pursue the eviction suit because he failed to obtain permission from the Probate Court. Next, he asserted that Cook's attorney's fees were unreasonable. Finally, Edmund argued that fact questions precluded summary judgment, namely: (1) whether he had permission from his father to live in the Property while Ernest's estate was being settled; (2) whether he and Cook had a verbal lease for Edmund to occupy the Property; and (3) whether the eviction and expenses associated with it were beneficial to the estate.

The trial court signed a final summary judgment and order of possession, ordering Edmund to vacate the Property by May 24, 2022 or a writ of possession would be issued, awarding Cook $9,758 in reasonable and necessary attorney's fees, and setting a supersedeas bond at $20,000 due to be filed by May 23. Edmund did not file any subsequent motions or a supersedeas bond, so the writ of possession issued and he was evicted from the property on June 3.

Edmund timely appealed.

5

## Analysis

### A.    Applicable Law

A forcible detainer suit is a proceeding to determine the right to immediate possession of real property when the initial entry onto the property was lawful but continued possession is unlawful.  *See, e.g.*, *Goodman-Delaney v. Grantham*, 484 S.W.3d 171, 174 (Tex. App.—Houston [14th Dist.] 2015, no pet.); *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.); *see also* Tex. Prop. Code §§ 24.001-.002; Tex. R. Civ. P. 510.  A forcible detainer suit provides a "summary, speedy, and inexpensive" means to determine the right to possession of a property, which is the only issue to be determined in such a proceeding.  *Goodman-Delaney*, 484 S.W.3d at 174; *Rice*, 51 S.W.3d at 709; Tex. R. Civ. P. 510.3(e); *see also Salaymeh v. Plaza Centro, LLC*, 264 S.W.3d 431, 435 (Tex. App.—Houston [14th Dist.] 2008, no pet.).  To prevail in a forcible detainer suit, a plaintiff does not need to prove title but only needs to show "sufficient evidence of ownership to demonstrate a superior right to immediate possession" of the property.  *Rice*, 51 S.W.3d at 709.  Because the only issue in a forcible detainer action is the right to actual possession of the premises, an appeal from a forcible detainer judgment becomes moot if the defendant is no longer in possession of the property, unless he holds and asserts a potentially meritorious claim of right to current, actual possession. *Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 785, 787 (Tex. 2006).

### B.    Jurisdiction

We address Edmund's jurisdictional challenge at the outset.  In his fourth issue, he contends that Cook's position that the estate has an exclusive right to possession of the Property creates an issue of title, which deprived the justice court of jurisdiction over Cook's forcible detainer suit.

6

Justice courts have jurisdiction to hear forcible detainer suits in which the right to immediate possession does not necessarily require resolution of a title dispute. Tex. R. Civ. P. 510.3(e); *Salaymeh*, 264 S.W.3d at 435; *Rice*, 51 S.W.3d at 708-09. However, the mere existence of a title dispute will not deprive the justice court of jurisdiction. *See, e.g.*, *Pinnacle Premier Props., Inc. v. Breton*, 447 S.W.3d 558, 563 (Tex. App.—Houston [14th Dist.] 2014, no pet.) ("If the title dispute does not control the right to possession, it is of no moment."); *Salaymeh*, 264 S.W.3d at 435; *Rice*, 51 S.W.3d at 708. Instead, to defeat jurisdiction, the title issue must be "so integrally linked to the issue of possession that possession may not be determined without first determining title." *Falcon v. Ensignia*, 976 S.W.2d 336, 338 (Tex. App.—Corpus Christi 1998, no pet.); *see also Mendoza v. Bazan*, 574 S.W.3d 594, 602 (Tex. App.—El Paso 2019, pet. denied). Further, specific evidence of a title dispute is required to raise an issue as to the justice court's and county court's jurisdiction. *Id.*

Here, Edmund has not presented any specific evidence of a title dispute integrally linked to the possession issue. Without any such evidence, the justice court (and, on appeal, the county court) had jurisdiction to determine who has the right to immediate possession. *Falcon*, 976 S.W.2d at 338; *see also Serrano v. Fed. Home Loan Mortg. Corp.*, No. 14-18-01110-CV, 2020 WL 2831931, at *2 (Tex. App.—Houston [14th Dist.] May 28, 2020, no pet.) (mem. op.); *Mendoza*, 574 S.W.3d at 602. The lower courts did not need to resolve a title dispute to decide whether Cook, as the representative of Ernest's estate, had a superior right to possess the Property. We overrule Edmund's fourth issue.

## C. Edmund's Notice and Capacity Issues Are Moot

In issue two, Edmund contends that the trial court erred in granting summary judgment in Cook's favor because Edmund did not receive twenty-one days' notice

of the hearing. *See* Tex. R. Civ. P. 166a(c). In his third issue, Edmund challenges Cook's capacity to bring a forcible detainer action because he did not secure the Probate Court's permission.

It is undisputed that Edmund failed to supersede the judgment and has lost possession of the Property. According to Cook, the Property has been sold to a third party. An appeal from a forcible detainer judgment insofar as the issue of possession is concerned will become moot if the defendant no longer holds possession of the property, unless the defendant asserts a potentially meritorious claim of right to current, actual possession of the property. *Marshall*, 198 S.W.3d at 786-87; *see also Wilhelm v. Fed. Nat'l Mortg. Ass'n*, 349 S.W.3d 766, 768 (Tex. App.—Houston [14th Dist.] 2011, no pet.). Edmund has no such claim, and thus there remains no live controversy between the parties as to the right of possession. Therefore, the matters raised in Edmund's second and third issues that pertain to possession are moot. *Marshall*, 198 S.W.3d at 786-87; *Briones v. Brazos Bend Villa Apartments*, 438 S.W.3d 808, 813 (Tex. App.—Houston [14th Dist.] 2014, no pet.).[3]

**D.    Attorney's Fees**

In Edmund's first issue, he challenges the attorney's fees awarded to Cook. As part of this issue, he contends that the trial court erred in awarding fees because Cook failed to satisfy the statutory requirements to recover fees. We construe this issue as a challenge to the legal sufficiency of the evidence to support the attorney's fee award.

---

[3] In Edmund's second issue, he complains that he lacked twenty-one days' notice of the summary judgment hearing. Part of Cook's summary judgment motion requested attorney's fees, which the court awarded. As we explain below, the dispute regarding attorney's fees is not moot. Thus, Edmund's second issue is not moot to the extent he complains that he lacked twenty-one days' notice of Cook's request for attorney's fees. But because we conclude that Cook failed to prove entitlement to attorney's fees for independent reasons, we need not address Edmund's notice arguments.

When reviewing the legal sufficiency of the evidence, we consider the proof in the light most favorable to the finding, crediting evidence in its favor if a reasonable fact finder could and disregarding contrary evidence unless a reasonable fact finder could not. *See City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). The proof is legally insufficient if: there is no proof of a vital fact; rules of law or evidence bar the court from giving any weight to the only proof of a vital fact; the proof supporting a vital fact is no more than a scintilla of evidence; or the proof conclusively shows the opposite of a vital fact to be true. *See Gharda USA, Inc. v. Control Sols., Inc.*, 464 S.W.3d 338, 347 (Tex. 2015).

An entire case "is not rendered moot simply because some of the issues become moot during the appellate process." *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding). If only some claims or issues become moot, the case remains "live" as to those claims or issues that are not moot. *See id.* In the forcible detainer context, issues such as a challenge to the award of attorney's fees are not rendered moot by a defendant's failure to supersede and subsequent loss of possession. *E.g.*, *Briones*, 438 S.W.3d at 813; *Daftary v. Prestonwood Mkt. Square, Ltd.*, 399 S.W.3d 708, 711-12 (Tex. App.—Dallas 2013, pet. denied).

To recover attorney's fees in a forcible detainer action, a landlord must give a tenant who is unlawfully retaining possession of the landlord's premises written notice to vacate sent by registered or certified mail, return receipt requested, at least ten days before filing suit. *See* Tex. Prop. Code § 24.006(a). The demand must state that if the tenant does not vacate before the eleventh day after the date of receipt of the notice and if the landlord files suit, the landlord may recover attorney's fees. *See id.*

9

Because forcible detainer is a statutory cause of action, a landlord must strictly comply with statutory requirements. *Kennedy v. Andover Place Apartments*, 203 S.W.3d 495, 497 (Tex. App.—Houston [14th Dist.] 2006, no pet.). Cook is considered a "landlord" under the Property Code because "landlord" includes an "owner,"[4] and Cook is the representative of the estate, which owns the Property. Here, Cook's notice to vacate did not strictly comply with the statutory requirements because it did not state that if Edmund failed to vacate before the eleventh day after the date of receipt of the notice, Cook may recover attorney's fees if he filed suit. This failure is fatal to Cook's claim for attorney's fees. *See* Tex. Prop. Code § 24.006(a); *Whitehurst v. Thomas*, No. 01-21-00309-CV, 2023 WL 1786160, at *4-5 (Tex. App.—Houston [1st Dist.] Feb. 7, 2023, no pet. h.) (mem. op.); *Washington v. Related Arbor Ct., LLC*, 357 S.W.3d 676, 681-82 (Tex. App.—Houston [14th Dist.] 2011, no pet.).

We sustain Edmund's first issue.

## Conclusion

We reverse the portion of the trial court's judgment awarding Cook attorney's fees and render judgment that he take nothing on his request for fees. We vacate the remainder of the trial court's judgment and dismiss for lack of appellate jurisdiction Edmund's challenges except for his challenge to the attorney's fees.[5]

/s/     Kevin Jewell
          Justice

Panel consists of Justices Wise, Jewell, and Poissant.

---

[4] *See* Tex. Prop. Code § 92.001.

[5] *See Marshall*, 198 S.W.3d at 788.