**Reversed and Rendered and Memorandum Opinion filed June 8, 2023.**



In The

# Fourteenth Court of Appeals

## NO. 14-22-00091-CV

**JANE NELSON, IN HER OFFICIAL CAPACITY AS SECRETARY OF THE STATE OF TEXAS, Appellant**

**V.**

**NEAL DIKEMAN, SHAWN KELLY, ROY ERIKSEN, JARED WISSEL, SCOTT FORD, BILLY PIERCE, CHRISTINA FORD, CHARLIE STEVENS, AND NEKO ANTONIOU, Appellees**

**On Appeal from the 11th District Court
Harris County, Texas
Trial Court Cause No. 2019-76841**

## MEMORANDUM OPINION

Appellant Jane Nelson, in her official capacity as Secretary of the State of Texas,[1] appeals from the denial of her motion to dissolve a temporary injunction

---

[1] The officeholder of the Secretary of State of Texas has changed several times during this case. We have substituted the current officeholder for the prior officeholders named in the trial court and on appeal. *See* Tex. R. App. 7.2(a.).

after the Legislature amended the statute upon which the injunction was based. We agree with the Secretary that the trial court abused its discretion by not dissolving the injunction. Accordingly, we reverse the trial court's order and render a judgment dissolving the temporary injunction.

## I. BACKGROUND

This appeal is the second regarding a temporary injunction against the Secretary. Appellees were members and candidates within Texas's Libertarian party. The Secretary issued an advisory that required candidates nominated by convention, such as appellees, to pay a filing fee or submit a petition in lieu thereof by a date that predated a nomination convention. Appellees sought, and the trial court granted, a temporary injunction that enjoins the Secretary from refusing to accept or rejecting applications for nomination from third-party candidates and refusing to certify third-party nominees for a general election ballot on the grounds that the applicants and nominees did not pay a filing fee or submit a petition in lieu thereof at the time of filing. *See Hughs v. Dikeman*, 631 S.W.3d 362 (Tex. App.— Houston [14th Dist.] 2020, pet. denied).

This court affirmed the temporary injunction in part, reasoning that the Secretary's advisory conflicted with the section of the Election Code that was applicable at the time because the requirement of a filing fee or petition only applied to candidates who had actually been nominated at a convention, but the Secretary's advisory proposed applying the requirement to candidates seeking nomination by convention, i.e., candidates who had not yet been nominated. *See Hughs*, 631 S.W.3d at 381 (citing Tex. Elec. Code § 141.041(a)) ("The Advisory therefore exceeds the bounds of authority granted under section 141.041.").[2]

---

[2] This court reviewed other rulings of the trial court and modified the temporary injunction, noting that candidates who ultimately secure their party's nomination as a result of

2

At the time of the trial court's temporary injunction and the prior appeal, the applicable statute provided:

> (a) In addition to any other requirements, to be eligible to be placed on the ballot for the general election for state and county offices, ***a candidate who is nominated by convention*** under Chapter 181 or 182 must:
>
>> (1) pay a filing fee to the secretary of state for a statewide or district office or the county judge for a county or precinct office; or
>>
>> (2) submit to the secretary of state for a statewide or district office or the county judge for a county or precinct officer a petition in lieu of a filing fee that satisfies the requirements prescribed by Subsection (e) and Section 141.062.

Act of May 20, 2019, 86th Leg., R.S., ch. 822, § 1, 2019 Tex. Gen. Laws 2282 (amended and transferred 2021) (current version at Tex. Elec. Code § 181.0311) (emphasis added). Based on the language in the statute, this court held that the trial court did not abuse its discretion by enjoining the Secretary "insofar as the Advisory required compliance with section 141.041's fee/petition requirements by minor-party candidates who have not been nominated by the convention process." *Hughs*, 631 S.W.3d at 362. This court explained further, "Candidates who ultimately secured their party's nomination as a result of the convention process, however, must comply with section 141.041." *Id.*

Subsequently, the Legislature amended subsection (a) of the statute:

> (a) In addition to any other requirements, ***to be considered for nomination by convention***, a candidate must:

Act of May 13, 2021, 87th Leg., R.S., ch. 149, 2021 Tex. Sess. Law Serv. Ch. 149

---

the convention process must then comply with the Election Code by paying the filing fee or submitting a petition. *See Hughs*, 631 S.W.3d at 383. After remand, the trial court issued an amended temporary injunction that was consistent with this court's mandate.

(to be codified at Tex. Elec. Code § 181.0311(a)) (emphasis added). The Secretary filed a motion to dissolve the temporary injunction, arguing that there had been a material change in the law because the Election Code now requires candidates to comply with the petition/fee requirement before any nominating convention.

The trial court denied the motion, and the Secretary appeals.

## II. ANALYSIS

In their sole issue on appeal, the Secretary contends that a changed circumstance—amendment of the statute—compels dissolution of the temporary injunction against enforcement of the fee/petition requirement for political candidates. Appellee Eriksen responds[3] that (1) no change in the law renders the temporary injunction unnecessary or improper; (2) the amendment did not change the circumstances regarding the advisory, which remains an ultra vires act inconsistent with current law; (3) Eriksen's pending motion to enforce the temporary injunction precludes dissolution; and (4) the Secretary's appeal seeks to have this court prejudge the constitutionality of the new law.

### A. Standard of Review

We generally review a trial court's grant of a temporary injunction for an abuse of discretion. *Jelinis, LLC v. Hiran*, 557 S.W.3d 159, 165 (Tex. App.—Houston [14th Dist.] 2018, pet. denied). However, we will apply a de novo standard of review when the issue turns on a pure question of law. *Id.* Statutory interpretation involves questions of law that we consider de novo. *Aleman v. Tex.*

---

[3] The other appellees did not file a brief. Although some of the appellees were omitted from the detailed list of parties in subsequent amended petitions, they remained listed as parties in the caption. *See Abramcik v. U.S. Home Corp.*, 792 S.W.2d 822, 824 (Tex. App.—Houston [14th Dist.] 1990, writ denied) ("Although we agree the omission of a *defendant* acts as a voluntary dismissal, we find the 'omission' rule inapplicable to plaintiffs who have been individually named in prior pleadings and have been generically referred to in a subsequent pleading.").

*Med. Bd.*, 573 S.W.3d 796, 802 (Tex. 2019).

## B.     Changed Circumstances

A trial court may dissolve a temporary injunction upon a showing of changed circumstances. *Gruss v. Gallagher*, No. 14-21-00178-CV, 2023 WL 1975016, at *13 (Tex. App.—Houston [14th Dist.] Feb. 14, 2023, no pet. h.). Changed circumstances may include a change in the law that makes the temporary injunction unnecessary or improper. *Id.*

In the prior appeal in this case, this court upheld the temporary injunction on the basis that the former statute conflicted with the Secretary's advisory that required appellees to comply with the fee/petition requirement before they were nominated by convention because the statute only applied to a candidate "who is nominated." *See Hughs*, 631 S.W.3d at 381, 383 (citing former Tex. Elec. Code § 141.041). The amended statute, however, requires a candidate to comply with the fee/petition requirement "to be considered for nomination." Tex. Elec. Code § 181.0311(a). Thus, the amended fee/petition requirement applies as a prerequisite to nomination rather than only after a candidate is actually nominated. *Cf.* Hughs, 631 S.W.3d at 381. This change in the law nullifies this court's basis for upholding the temporary injunction. *See id.* at 383. Thus, the change in the law makes the temporary injunction improper. The trial court erred by not dissolving the injunction.

## C.     Motion to Enforce

Eriksen contends that he filed a motion to enforce the temporary injunction, so the injunction is "necessary and should stay in place until the Secretary's violation of the injunction is addressed by the trial court." Eriksen cites no authority in support of this argument, and we see no reason the temporary

injunction must remain in place for the court to address any violations that may have occurred while the temporary injunction was valid. *Cf. Propst v. Propst*, No. No. 13-18-00291-CV, 2019 WL 5609964, at \*3–4 (Tex. App.—Corpus Christi–Edinburgh Oct. 31, 2019, no pet.) (mem. op.) (reasoning that a pending motion for contempt prevented conclusion that appeal was moot even if injunction had expired).

## D.     Underlying Merits

Finally, Eriksen contends that the Secretary's appeal is an attempt to have this court prejudge the constitutionality of the new law. The Secretary contends that it is not asking for any relief that would dispose of the case below and is not asking this court to address any claims asserted in Eriksen's live pleading.

We agree with the Secretary. We do not address any issue other than whether the change in the law vitiates the temporary injunction. We do not address in this appeal any of Eriksen's constitutional challenges to the amended statute.

## III.   CONCLUSION

The Secretary's sole issue is sustained. The trial court erred by not dissolving the temporary injunction following the change in the law. The trial court's January 1, 2022 order denying the Secretary's motion to dissolve is reversed, and we render a judgment dissolving the September 15, 2020 amended temporary injunction.


/s/     Ken Wise
        Justice


Panel consists of Justices Wise, Jewell, and Poissant.

6