**Vacated and Dismissed and Memorandum Opinion filed October 31, 2023.**



In The

# Fourteenth Court of Appeals

### NO. 14-22-00790-CV

**SALVADOR NAJAR, Appellant**

**V.**

**FILOMENA GARCIA, Appellee**

**On Appeal from the County Civil Court at Law No. 3
Harris County, Texas
Trial Court Cause No. 1184556**

## M E M O R A N D U M   O P I N I O N

In this forcible detainer action, appellant Salvador Najar asserts that the justice court and the county court lacked subject matter jurisdiction over appellee Filomena Garcia's claim for possession of the property. Because the record does not contain any evidence of a landlord-tenant relationship between Najar and Garcia, we sustain Najar's jurisdictional challenge, vacate the county court's judgment as void, and dismiss Garcia's forcible detainer action for want of jurisdiction.

BACKGROUND

In May 2021, Garcia filed a petition for eviction in the justice court, seeking possession of a condominium located in Houston, Texas. Najar filed an answer and asserted that the justice court lacked jurisdiction over Garcia's claim. The justice court signed a judgment in favor of Garcia on April 21, 2022.

Najar appealed the judgment to the county court. *See* Tex. R. Civ. P. 509.8, 510.10(c). The county court called the case for trial on July 18, 2022. Garcia's counsel announced ready and informed the county court that he "believe[d]" Najar's counsel had a vacation letter on file in the district court. After conversing with the court coordinator, the county court judge noted that neither "an email or any filing" regarding the vacation letter was received by the county court and instructed Garcia's counsel to proceed with the case.

Garcia's counsel asserted that Garcia purchased the condominium in question at a foreclosure sale and subsequently sent Najar notice to vacate the premises. According to Garcia, Najar failed to vacate the condominium and an eviction proceeding was pursued to obtain possession of the premises. The trial court admitted three exhibits into evidence:

- An "Agent's Assessment Foreclosure Deed" dated March 7, 2017, which states that the condominium was sold to Kensington Park Homeowner's Association at a foreclosure sale held that same day.

- A March 12, 2021 special warranty deed conveying the premises from the Kensington Park Homeowner's Association to Garcia.

- An April 7, 2021 letter to Najar from Garcia's counsel, informing Najar that (1) Garcia was exercising her right to terminate his use and occupancy of the premises; (2) his right to stay on the premises was thereby terminated; (3) he did not have Garcia's permission to occupy the premises nor did he "ha[ve] a lease for the Premises;" and (4) he had three days to vacate the premises.

The county court signed a final judgment on July 18, 2022, stating that Najar "did not appear and was duly notified" of the trial setting. The final judgment awards Garcia possession of the premises along with attorney's fees and costs. Shortly thereafter, a writ of possession with respect to the premises was issued and executed.

Najar filed a motion for new trial raising two arguments. First, Najar asserted his counsel "had a valid vacation designation with the Harris County District Clerk" for the week of trial and attached the designation as an exhibit. Second, Najar argued that the county court lacked jurisdiction over the case. The motion was overruled by operation of law. *See* Tex. R. Civ. P. 329b(c). Najar timely filed this appeal.

ANALYSIS

Najar raises two arguments on appeal:

1.  the justice court and county court lacked jurisdiction over the case because (a) the eviction does not involve a landlord/tenant relationship, and (b) a district court case was pending challenging Garcia's title to the property in question; and

2.  the trial court, notified of Najar's counsel's vacation letter, abused its discretion by overruling Najar's motion for new trial.

Because we sustain Najar's first issue, we need not reach his second.

I.      **Standard of Review and Governing Law**

Subject matter jurisdiction is essential to the authority of a court to decide a case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443-44 (Tex. 1993). Whether a court has subject matter jurisdiction is a question of law we review *de novo*. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

3

A justice court in the precinct where the real property is located has jurisdiction over forcible detainer suits. *See* Tex. Gov't Code Ann. § 27.031(a)(2); Tex. Prop. Code Ann. § 24.004(a). A forcible detainer action is intended to be a speedy, simple, and inexpensive means to determine which party has the superior right to immediate possession of real property. *Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006); *Tellez v. Rodriguez*, 612 S.W.3d 707, 709 (Tex. App.—Houston [14th Dist.] 2020, no pet.). Accordingly, to prevail in a forcible detainer action, "the plaintiff is not required to prove title but need only supply sufficient evidence of ownership to demonstrate a superior right to immediate possession." *Tellez*, 612 S.W.3d at 709.

In contrast, a justice court lacks jurisdiction to adjudicate title. *See* Tex. Prop. Code Ann. § 27.031(b)(4). A forcible detainer action therefore cannot resolve title disputes; those types of claims may be addressed in a separate suit in a court of proper jurisdiction. *See* Tex. R. Civ. P. 510.3(e); *Tellez*, 612 S.W.3d at 709.

But a justice court is not deprived of jurisdiction merely by the existence of a title dispute — it is deprived of jurisdiction only if resolution of a title dispute is a prerequisite to determination of the right to immediate possession. *Jelinis, LLC v. Hiran*, 557 S.W.3d 159, 167 (Tex. App.—Houston [14th Dist.] 2018, pet. denied). Therefore, when a forcible detainer action presents a genuine issue of title so intertwined with the issue of possession that a trial court would have to determine title before awarding possession, the justice court lacks jurisdiction to resolve the matter. *Yarbrough v. Household Fin. Corp. III*, 455 S.W.3d 277, 280 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

A party may appeal the justice court's judgment to a statutory county court for trial *de novo*. *See* Tex. R. Civ. P. 509.8, 510.10(c). In a forcible detainer

4

appeal, the county court has the same jurisdiction as the justice court; accordingly, it also is prohibited from adjudicating title.  *Tellez*, 612 S.W.3d at 709.

To prevail in a forcible detainer action, a plaintiff has the burden to prove (1) she is the owner of the property, (2) the defendant is a tenant at will, a tenant at sufferance, or a tenant or subtenant willfully holding over after the termination of the tenant's right to possession, (3) she gave proper notice to the tenant to vacate the property, and (4) the tenant refused to leave the property.  *See* Tex. Prop. Code Ann. § 24.002; *Shields Ltd. P'ship v. Bradberry*, 526 S.W.3d 471, 478 (Tex. 2017).

## II.    Jurisdictional Analysis

On appeal, Najar asserts the justice court and county court lacked jurisdiction over Garcia's forcible detainer action because the matter does "not involve a landlord-tenant relationship."  In response, Garcia asserts that a foreclosed-upon deed of trust rendered Najar a tenant at sufferance, thus providing a sufficient basis for determining the right to immediate possession.

We recently examined a similar issue in *Guerrero v. Equity Trust FBO Jed Silverman IRA*, No. 14-21-00136-CV, 2022 WL 11551139 (Tex. App.—Houston [14th Dist.] Oct. 20, 2022, pet. filed) (mem. op.).  In that forcible detainer action, Guerrero argued on appeal that the justice court and county court lacked jurisdiction because "there is a lack of landlord-tenant relationship."  *Id*. at *3.

Our analysis began by noting that "Texas courts have repeatedly observed that a forcible detainer action is *dependent* on proof of a landlord-tenant relationship."  *Id*. (internal quotation omitted) (emphasis in original); *see also Jelinis, LLC*, 557 S.W.3d at 167 ("A forcible detainer action requires proof of a landlord-tenant relationship."); *Goodman-Delaney v. Grantham*, 484 S.W.3d 171, 174 (Tex. App.—Houston [14th Dist.] 2015, no pet.) ("[A]n action for forcible

detainer requires evidence of a landlord-tenant relationship because the lack of such evidence would necessarily require a determination of who has title to the property."). Continuing on, we observed that courts often have found evidence of this landlord-tenant relationship "by specific language in the document transferring title of the property." *Guerrero*, 2022 WL 11551139, at *4.

For example, deeds of trust commonly include a "tenant-at-sufferance" clause, which creates a tenancy at sufferance when a tenant wrongfully continues to possess property after the tenant no longer has a right to that possession (such as after a foreclosure). *See, e.g.*, *Jelinis, LLC*, 557 S.W.3d at 167 ("In essence, a tenancy-at-sufferance clause creates a landlord-tenant relationship when the property is foreclosed"). This tenancy relationship provides a basis sufficient to maintain a forcible detainer action. *See Reynoso v. Dibs US, Inc.*, 541 S.W.3d 331, 337 (Tex. App.—Houston [14th Dist.] 2017, no pet.) ("If a deed of trust provides that in the event of foreclosure, the grantor in the deed of trust will become a tenant at sufferance if the grantor does not surrender possession, the trial court can resolve possession without resort to title."); *Hossain v. Fed. Nat'l Mortg. Ass'n*, No. 14-14-00273-CV, 2015 WL 3751548, at *3 (Tex. App.—Houston [14th Dist.] June 16, 2015, pet. dism'd w.o.j.) (mem. op.) ("Courts of appeals consistently have allowed forcible detainer actions to proceed based on a tenancy at sufferance clause in a deed of trust[.]").

But in *Guerrero*, there was no evidence of a tenancy at sufferance or any other type of landlord-tenant relationship. *See Guerrero*, 2022 WL 11551139, at *4 ("we conclude that Equity Trust failed to establish that Guerrero is a tenant at sufferance"). Therefore, "[b]ecause of the lack of a landlord-tenant relationship between Equity and Guerrero," we held the justice court and county court lacked jurisdiction to resolve the forcible detainer action. *Id*.; *see also Haywood v. No*

*Bull Invs., LLC*, No. 13-22-00609-CV, 2023 WL 4940543, at *4 (Tex. App.—Corpus Christi Aug. 3, 2023, no pet.) (mem. op.) (because the appellee did not produce evidence of the alleged deed of trust that created a tenancy at sufferance, "the justice court lacked jurisdiction to consider the case"); *Goodman-Delaney*, 484 S.W.3d at 175-76 (because the appellee "conceded that she did not have a landlord-tenant relationship" with the appellant, the justice court and county court lacked jurisdiction in the forcible detainer action).

Here, Garcia argues that the "foreclosed upon Deed of Trust" rendered Najar a tenant at sufferance, thus providing a jurisdictional basis for her forcible detainer action. But neither the clerk's record nor the reporter's record contains any evidence of this deed of trust. As recited above, the only exhibits in the record are the "Agent's Assessment Foreclosure Deed," the 2021 special warranty deed, and the April 2021 notice-to-vacate letter sent to Najar. None of these documents include or reference a tenancy at sufferance clause applicable to Najar's possession of the condominium. Nor do these documents suggest any other type of landlord-tenant relationship existed between Najar and Garcia. Without this basis, the justice court and the county court lacked jurisdiction to adjudicate Garcia's forcible detainer action. *See Guerrero*, 2022 WL 11551139, at *4; *see also, e.g.*, *Haywood*, 2023 WL 4940543, at *4; *Goodman-Delaney*, 484 S.W.3d at 175-76.

We sustain Najar's first issue.

## CONCLUSION

"When a court's void judgment is appealed, we have jurisdiction to declare the judgment void and render judgment dismissing the case." *Goodman-Delaney*, 484 S.W.3d at 175. Accordingly, we vacate the county court's judgment as void and dismiss Garcia's forcible detainer action for want of jurisdiction. *See, e.g.*, *Guerrero*, 2022 WL 11551139, at *4; *Goodman-Delaney*, 484 S.W.3d at 175-76.

7

/s/    Meagan Hassan
       Justice


Panel consists of Chief Justice Christopher and Justices Bourliot and Hassan.